**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEREMY NAIDOO, | No. 11-71135 |
| Petitioner, | Agency No. A073-849-748 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 29, 2012[**]

Before:    HUG, FARRIS, and LEAVY, Circuit Judges.

Jeremy Naidoo, a native and citizen of South Africa and a lawful permanent

resident of the United States, petitions for review of a decision by the Board of

Immigration Appeals ("BIA").  The BIA upheld the immigration judge's ruling

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

that Naidoo's first-degree residential burglary conviction, for violating California Penal Code § 459, constituted a crime of violence under 18 U.S.C. § 16(b) and therefore was an aggravated felony under 8 U.S.C. § 1101(a)(43)(F), rendering him removable. We review *de novo* the BIA's conclusion regarding whether an offense qualifies as an aggravated felony, *see Kwong v. Holder*, 671 F.3d 872, 876 (9th Cir. 2011), and we deny the petition for review.

The government contends that we do not have jurisdiction to consider Naidoo's petition for review. We reject that contention. We have jurisdiction to review questions of law raised in a petition for review, including the legal question of whether an offense is an aggravated felony for purposes of removal. 8 U.S.C. § 1252(a)(2)(D); *Kwong*, 671 F.3d at 876. Because Naidoo has raised a colorable legal claim concerning whether his prior conviction qualifies as an aggravated felony, we have jurisdiction to consider his petition. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005); *see also Kwong*, 671 F.3d at 876-79 (recognizing that this court had jurisdiction to consider a petition for review which argued that a prior conviction was not an aggravated felony, but rejecting petitioner's argument).

We hold that Naidoo's prior conviction for first-degree residential burglary, in violation of California Penal Code § 459, categorically qualifies as a crime of

violence under 18 U.S.C. § 16(b). *See Lopez-Cardona v. Holder*, 662 F.3d 1110, 1112-14 (9th Cir. 2011)*; see also United States v. Ramos-Medina*, 682 F.3d 852, 855-58 (9th Cir. 2012); *Kwong*, 671 F.3d at 877-79. Naidoo therefore was convicted of an aggravated felony after being admitted to the United States and is removable. *See* 8 U.S.C. § 1101(a)(43)(F); 8 U.S.C. § 1227(a)(2)(A)(iii).

**PETITION FOR REVIEW DENIED**.