**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWARD BORISOVICH FOMINYKH,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 11-72274<br><br>Agency No. A087-785-612<br><br>MEMORANDUM* |
| EDWARD BORISOVICH FOMINYKH,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 12-70071<br><br>Agency No. A087-785-612 |

On Petition for Review of an Order of the
Board of Immigration Appeals

* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Submitted November 19, 2012[**]

Before:    HUG, FARRIS, and LEAVY, Circuit Judges.

Petitioner Edward Fominykh, a native and citizen of Russia, petitions for review of two decisions from the Board of Immigration Appeals ("BIA") in which the BIA dismissed his appeal from the immigration judge's ("IJ") denial of his application for asylum, withholding from removal, and protection under Article III of the Convention Against Torture ("CAT") and denied his motion to reopen.[1]

Where the BIA conducts its own review of the evidence and law rather than adopting the IJ's decision, this court limits its review to the BIA's decision, except to the extent that the BIA expressly adopts the IJ's opinion. *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006). This court reviews legal and constitutional questions de novo and reviews factual findings under the "substantial evidence standard, treating them as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011) (*quoting* 8 U.S.C. § 1252(b)(4)(B)).

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Because the parties are familiar with the facts underlying this appeal, we do not recount the facts here.

This court reviews a ruling denying asylum or withholding from removal for substantial evidence. *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004). Denials of motions to reopen are reviewed for an abuse of discretion, and this court defers to the BIA's exercise of its discretion unless it was arbitrary, irrational, or contrary to law. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). Review is limited to the grounds relied upon by the BIA. *Id.* We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition for review.

The BIA did not err by affirming the IJ's finding that Fominykh failed to provide sufficient corroborating evidence to meet his burden of proof and therefore was not entitled to withholding from removal. Because the record does not compel the finding that corroboration was unavailable, we uphold the BIA's determination. *See Shrestha v. Holder*, 590 F.3d 1034, 1047 (9th Cir. 2010).

Moreover, the BIA did not err in finding that the IJ did not violate Fominykh's due process rights. The proceedings were not so fundamentally unfair that Fominykh was prevented from presenting his claim because he had fair notice of the need for corroboration and ample opportunity to obtain it. *Cf. Cruz Rendon v. Holder*, 603 F.3d 1104, 1109-11 (9th Cir. 2010) (holding that petitioner's due process rights were violated where the IJ limited her testimony and unreasonably denied a continuance that would have allowed her to obtain additional evidence).

Even if Fominykh could have proved the proceedings were unfair, he could not have established prejudice because he failed to challenge the BIA's alternate finding that he failed to establish a nexus between his fear of harm and a protected ground and therefore waived review of that issue. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011).

Fominykh challenges the IJ's denial of asylum and finding that he did not show the government of Russia was unable or unwilling to protect him, but he failed to argue those issues before the BIA. We therefore lack jurisdiction to review those claims. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Regarding Fominykh's motion to reopen, the BIA did not abuse its discretion in rejecting it as untimely. *See Ocampo v. Holder*, 629 F.3d 923, 928 (9th Cir. 2010). Moreover, Fominykh failed to challenge the BIA's alternate finding that he would not have succeeded on the merits of his claim and therefore waived review of that issue. *See Rizk*, 629 F.3d at 1091 n.3. We lack jurisdiction to review the BIA's decision not to exercise its sua sponte authority to reopen the proceedings. *Sharma v. Holder*, 633 F.3d 865, 874 (9th Cir. 2011).

We deem Fominykh's remaining claims waived because he failed to address them in the argument section of his brief. *See Rizk*, 629 F.3d at 1091 n.3.

**PETITION DENIED.**

4