**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MUSA TUNKARA, | No. 11-72368 |
| Petitioner, | Agency No. A095-405-813 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 14, 2012[**]

Before:     HUG, FARRIS, and LEAVY, Circuit Judges.

Petitioner Musa Tunkara, a native and citizen of Sierra Leone, seeks review

of an order from the Board of Immigration Appeals ("BIA") dismissing Tunkara's

appeal from an immigration judge's ("IJ") denial of his application for withholding

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

from removal on the basis of adverse credibility.[1]  "Where, as here, the BIA adopts the IJ's decision while adding some of its own reasoning, we review both decisions." *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011).  We review legal questions de novo and review factual findings, including credibility determinations, for substantial evidence, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.*  We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition for review.

Substantial evidence supports the BIA's adoption of the IJ's adverse credibility finding.  The IJ identified many inconsistencies in Tunkara's testimony and his application for asylum that were supported by substantial evidence and went to the heart of Tunkara's claim.[2]  *See Rizk v. Holder*, 629 F.3d 1083, 1091 (9th Cir. 2011).  Moreover, the IJ provided specific and cogent reasons for rejecting Tunkara's explanations for the discrepancies.  *See Zamanov v. Holder*,

---

[1]  Because the parties are familiar with the facts underlying this appeal, we do not recount the facts here.

[2]  The REAL ID Act of 2005, Pub. L. 109-13, 119 Stat. 231 (codified in scattered sections of 8 U.S.C.), changed the standard governing credibility determinations, stating that inconsistencies may be considered regardless of whether they go to the heart of the petitioner's claim.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii).  However, because Tunkara applied for asylum in 2002, the REAL ID Act does not apply.  *See* REAL ID Act § 101(h)(2); *Joseph v. Holder*, 600 F.3d 1235, 1240 n.3 (9th Cir. 2010).

649 F.3d 969, 974 (9th Cir. 2011). We are unable to conclude that the record compels a finding that Tunkara was credible. *See Kaur v. Gonzales*, 418 F.3d 1061, 1068 (9th Cir. 2005).

Because the BIA properly denied relief on the basis of adverse credibility, we decline to reach Tunkara's remaining arguments. *See I.N.S. v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). We deem any of Tunkara's remaining claims waived because he failed to address them in the argument section of his brief. *See Rizk*, 629 F.3d at 1091 n.3.

**PETITION DENIED.**