**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LIMING CHEN, | No. 10-71515 |
| Petitioner, | Agency No. A086-967-264 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 14, 2012[**]

Before: HUG, FARRIS, and LEAVY, Circuit Judges.

Petitioner Liming Chen, a native and citizen of China with permanent

resident status in Panama, petitions for review from the Board of Immigration

Appeals ("BIA") in which the BIA dismissed his appeal from the immigration

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judge's ("IJ") denial of his application for asylum, withholding from removal, and protection under Article III of the Convention Against Torture ("CAT").[1]

Where the BIA conducts its own review of the evidence and law rather than adopting the IJ's decision, this court limits its review to the BIA's decision, except to the extent that the BIA expressly adopts the IJ's opinion. *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006). This court reviews legal questions de novo and reviews factual findings under the "substantial evidence standard, treating them as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011) (*quoting* 8 U.S.C. § 1252(b)(4)(B)).

This court reviews a ruling denying asylum or withholding from removal for substantial evidence. *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004). This court reviews the BIA's determination of ineligibility under CAT for substantial evidence. *Sinha v. Holder*, 564 F.3d 1015, 1025 (9th Cir. 2009). Our jurisdiction is governed by 8 U.S.C. § 1252. We deny in part and dismiss in part the petition for review."

---

[1] Because the parties are familiar with the facts underlying this appeal, we do not recount the facts here.

Chen argues that the BIA erred by denying him asylum relief from China and from Panama. However, Chen fails to challenge the BIA's conclusion that he is ineligible for asylum from China because he was firmly resettled in Panama. Chen also fails to challenge the BIA's conclusion that he is ineligible for asylum from Panama because Panama is not his country of nationality and Chen is not stateless. This court does not consider issues that the parties have failed to include in their briefs. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (failure to raise withholding of removal and CAT claims in opening brief considered waiver of those issues). Chen has waived review of these issues on appeal because he failed to brief and argue them. *See id.*

Chen challenges the BIA's determination that he is not entitled to relief under withholding of removal. Chen was unable to meet the burden of proof required for relief under asylum. Chen's "failure to satisfy the well-founded fear standard applicable to asylum applications necessarily preclude[s] his satisfying the more stringent clear probability of persecution that withholding of removal requires[.]" *Alvarez-Santos v. I.N.S.*, 332 F.3d 1245, 1255 (9th Cir. 2003).

We lack jurisdiction to consider Chen's request for CAT relief because he did not exhaust this claim before the BIA. *See Barron v. Ashcroft*, 358 F. 3d 674, 677-78 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**