**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN RETANA, AKA Juan Manuel Herrera,<br><br>              Petitioner,<br><br>    v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>              Respondent. | No. 11-71052<br><br>Agency No. A075-758-391<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 8, 2013[**]
Pasadena, California

Before: W. FLETCHER and RAWLINSON, Circuit Judges, and HELLERSTEIN,
Senior District Judge.[***]

---

  [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

  [***]    The Honorable Alvin K. Hellerstein, Senior District Judge for the U.S.
District Court for the Southern District of New York, sitting by designation.

1

Petitioner Juan Retana (Retana) challenges his order of removal and the Bureau of Immigration Appeal's denial of withholding relief due to his conviction for assault with a deadly weapon (ADW), an aggravated felony, in violation of California Penal Code § 245(a)(1).

1.      Conviction of an aggravated felony renders an alien removable and statutorily ineligible for asylum under 8 U.S.C. §§ 1158(b)(2)(A)(ii), (B).  The aggravated felony conviction further bars eligibility for withholding of removal if the crime is deemed "particularly serious." *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1112 (9th Cir. 2011).  Retana concedes that his conviction constitutes an aggravated felony, but challenges the particularly serious crime finding.

2.      We have been stripped of jurisdiction to hear petitions from final orders of removal when such removal is premised on commission of certain crimes, including aggravated felonies.  *See* 8 U.S.C. § 1252(a)(2)(C) ("Notwithstanding any other provision of law . . . and except as provided by subparagraph (D), no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed [certain crimes, including aggravated felonies].").  This jurisdictional bar is lifted with

2

regard to constitutional or legal challenges to removal or if denial of relief is "on the merits . . . rather than in reliance on the conviction." *Pechenkov v. Holder*, 705 F.3d 444, *3 (9th Cir. 2012) (emphasis and citation omitted).

**3.**     Retana impermissibly seeks a re-weighing of the IJ's factual evaluation of his aggravated felony conviction. He notes, for example, that "the nature of the crime and the underlying circumstances" indicate that his ADW was not particularly serious. Retana never alleges that the IJ relied on incorrect legal standards or violated his constitutional rights. The provisions of 8 U.S.C. § 1252(a)(2)(C) deprive us of jurisdiction to review Retanta's challenge. *See Pechenkov*, 705 F.3d at *4 (holding that § 1252(a)(2)(C) barred review of the IJ's finding that petitioner's aggravated felony conviction was a particularly serious crime where petitioner sought only "a re-weighing of the factors involved in [the IJ's] discretionary determination").

**PETITION DISMISSED.**