**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUNKUI WANG, | No. 11-72134 |
| Petitioner, | Agency No. A099-967-391 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 26, 2013[**]

Before:     HUG, FARRIS, and LEAVY, Circuit Judges.

Petitioner Runkui Wang, a native and citizen of China, petitions for review

of an order from the Board of Immigration Appeals ("BIA") affirming without

opinion the immigration judge's ("IJ") denial of asylum, withholding of removal,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and protection under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition for review.[1]

"When the BIA summarily affirms the IJ's decision, we review the IJ's decision as the final agency action." *Pagayon v. Holder*, 675 F.3d 1182, 1188 (9th Cir. 2011) (internal quotation marks omitted).  Legal questions are reviewed de novo.  *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011).  Factual findings are reviewed for substantial evidence and are treated as conclusive unless the record compels a contrary conclusion.  *Id.*  We review a denial of asylum, withholding of removal, or protection under CAT for substantial evidence.  *Sinha v. Holder*, 564 F.3d 1015, 1020, 1025 (9th Cir. 2009).

Wang failed to challenge the IJ's denial of withholding of removal or protection under CAT.  We deem those claims waived.  *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011).

Substantial evidence supports the IJ's denial of asylum because the totality of the circumstances of Wang's detention does not compel a finding that he suffered past persecution.  *See Gu v. Gonzales*, 454 F.3d 1014, 1017-18, 1020 (9th Cir. 2006) (holding that a finding of persecution was not compelled where an alien

---

[1]  Because the parties are familiar with the facts underlying this appeal, we do not recount the facts here.

was arrested, detained at a police station for three days, interrogated for two hours, and hit ten times with a rod in a manner that caused temporary red marks but required no medical treatment); *Al-Saher v. INS*, 268 F.3d 1143, 1145-46 (9th Cir. 2001) (holding that the record did not compel a finding of persecution where an alien was detained for five or six days); *Prasad v. INS*, 47 F.3d 336, 339 (9th Cir. 1995) (holding that a four to six hour detention during which the alien was hit in the stomach and kicked from behind did not compel a finding of persecution).

Because he did not establish past persecution, Wang is not entitled to a presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1); *see also Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003). Moreover, Wang failed to argue that he showed a well-founded fear of future persecution and therefore waived that claim. *See Rizk*, 629 F.3d at 1091 n.3. Thus, Wang failed to establish eligibility for asylum. *See Gu*, 454 F.3d at 1022.

Because Wang's failure to show past persecution or a well-founded fear of future persecution is dispositive, we decline to address his remaining arguments. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

**PETITION DENIED.**