**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 19 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JASPAL SINGH,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER JR., Attorney General,<br><br>Respondent. | No. 08-74062<br><br>Agency No. A079-400-682<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2013[**]
San Francisco, California

Before: KOZINSKI, Chief Judge, and GRABER and CHRISTEN, Circuit Judges.

In this post-REAL ID Act case, Petitioner Jaspal Singh seeks review of a

decision by the Board of Immigration Appeals ("BIA") that adopts an immigration

judge's ("IJ") ruling, which denied his claims for asylum, withholding of removal,

and protection under the Convention Against Torture. "Where, as here, the BIA

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

adopts the IJ's decision while adding some of its own reasoning, we review both decisions." Lopez-Cardona v. Holder, 662 F.3d 1110, 1111 (9th Cir. 2011). The IJ found, and the BIA affirmed, that Singh was not credible. Because the record does not compel a contrary conclusion, we deny the petition. See 8 U.S.C. § 1252(b)(4)(B) ("[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary . . . .").

The IJ had authority to require reasonably obtainable corroboration of Petitioner's testimony. Aden v. Holder, 589 F.3d 1040, 1044–45 (9th Cir. 2009). She told Petitioner that he had to provide corroborative evidence and continued his case so that he would have an opportunity to obtain it. Petitioner, however, failed to produce such evidence, and the record does not compel the conclusion that the evidence was unavailable. See 8 U.S.C. § 1252(b)(4) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable."). Although the IJ could have found Petitioner credible even without corroboration, Aden, 589 F.3d at 1044, the record did not compel her to do so, 8 U.S.C. § 1252(b)(4)(B). Similarly, because the record does not compel a contrary conclusion, it was permissible for the IJ to find that Petitioner had not established

2

eligibility for asylum, withholding of removal, or protection under the Convention Against Torture.

**Petition DENIED.**