**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SI SI NI,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 12-71244

Agency No. A094-794-506

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 20, 2013[**]

Before:     HUG, FARRIS, and LEAVY, Circuit Judges.

Petitioner Si Si Ni, a native and citizen of China, petitions for review of a

decision from the Board of Immigration Appeals ("BIA") in which the BIA

dismissed his appeal from the immigration judge's ("IJ") adverse credibility

finding and denial of relief in the form of asylum, withholding of removal, and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition for review.[1]

Where the BIA conducts its own review of the evidence and law rather than adopting the IJ's decision, "our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (internal quotation marks omitted). We review legal questions de novo and review factual findings, including adverse credibility determinations, for substantial evidence. *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011).

Substantial evidence supports the agency's adverse credibility determination. First, it properly relied on inconsistencies in Ni's testimony regarding whether his wife had medical treatment while pregnant with their first daughter. *See Shrestha v. Holder*, 590 F.3d 1034, 1046-47 (9th Cir. 2010). Moreover, the BIA properly adopted the IJ's rejection of Ni's explanation, and the record does not compel the conclusion that doing so was error. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). Second, the agency properly relied on inconsistencies in Ni's testimony and evidence regarding when his wife was

---

[1] Because the parties are familiar with the facts underlying this appeal, we do not recount the facts here.

sterilized, and it properly considered and rejected his explanation for the inconsistency. *See Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir. 2004). Finally, the agency properly relied on a finding that Ni gave evasive testimony regarding why he did not pay the remainder of a fine imposed by the government. *See Wang v. INS*, 352 F.3d 1250, 1256-57 (9th Cir. 2003). Because the record does not compel the conclusion that Ni is credible, we uphold the agency's credibility determination. *See Rizk v. Holder*, 629 F.3d 1083, 1091 (9th Cir. 2011).

Ni's claim for relief fails because the agency properly found that he was not credible and could not satisfy his burden of proof. *See id.* We therefore decline to reach Ni's arguments on the merits. *See I.N.S. v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

We lack jurisdiction to consider Ni's claim for withholding of removal because he failed to exhaust it before the BIA. *See Camposeco-Montejo v. Ashcroft*, 384 F.3d 814, 821 (9th Cir. 2004) (holding that petitioner failed to exhaust his withholding of removal claim by failing to raise it before the BIA, despite the fact that he had raised and exhausted his asylum claim).

We deem any remaining claims waived. *See Rizk*, 629 F.3d at 1091 n.3.

**PETITION DENIED.**