**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL ANGEL MORALES, | No. 12-71600 |
| Petitioner, | Agency No. A072-535-519 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 29, 2013**

Before:      HUG, FARRIS, and LEAVY, Circuit Judges.

Petitioner Miguel Angel Morales ("Morales"), a native and citizen of

Guatemala, petitions for review of a decision from the Board of Immigration

Appeals ("BIA") in which the BIA dismissed his appeal from the immigration

judge's ("IJ") adverse credibility finding and denial of relief in the form of deferral

---

    *      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of removal under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition for review.[1]

When the BIA issues its own decision, while emphasizing certain aspects of the IJ's decision, this court reviews both decisions.  *Morgan v. Mukasey*,529 F.3d 1202, 1206 (9th Cir. 2008).  We review legal questions de novo and review factual findings, including adverse credibility determinations, for substantial evidence.  *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011).

Substantial evidence supports the agency's adverse credibility determination.  First, it properly relied on inconsistencies between Morales's testimony and his written application regarding the location of the beating, where on his body he was hit, whether or not gunshots were fired, and if the police asked him to gather information or to just disappear.  *See Shrestha v. Holder*, 590 F.3d 1034, 1046-47 (9th Cir. 2010).  Because the record does not compel the conclusion that Morales is credible, we uphold the agency's credibility determination.  *See Rizk v. Holder*, 629 F.3d 1083, 1091 (9th Cir. 2011).

Morales's claim for relief fails because the agency properly found that he was not credible and could not satisfy his burden of proof.  *See id.*  We therefore

---

[1] Because the parties are familiar with the facts underlying this appeal, we do not recount the facts here.

decline to reach Morales's arguments on the merits. *See I.N.S. v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

**PETITION DENIED.**