**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SERGIO ARMANDO MARTINEZ-COTA, | No. 12-71584 |
| Petitioner, | Agency No. A200-704-319 |
| v. | MEMORANDUM* |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 20, 2013**

Before:     HUG, FARRIS, and LEAVY, Circuit Judges.

Petitioner Sergio Armando Martinez-Cota, a native and citizen of Mexico,

petitions for review of a decision from the Board of Immigration Appeals ("BIA")

in which the BIA dismissed his appeal from the immigration judge's ("IJ") denial

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of relief in the form of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

Where the BIA conducts its own review of the evidence and law rather than adopting the IJ's decision, this court's "review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (internal quotation marks omitted). We review legal questions de novo and factual findings for substantial evidence. *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011). A denial of asylum, withholding of removal, or protection under CAT is reviewed for substantial evidence. *Sinha v. Holder*, 564 F.3d 1015, 1020, 1025 (9th Cir. 2009). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition for review.[1]

We uphold the agency's determination that Martinez-Cota's application for asylum is time-barred. He failed to file his application within a year of his last entry into the United States. *See* 8 U.S.C. § 1158(a)(2)(B). Moreover, substantial evidence supports the agency's conclusion that a warrant issued in Mexico in 2011 for Martinez-Cota's arrest did not constitute changed circumstances that would

---

[1] Because the parties are familiar with the facts underlying this appeal, we do not recount the facts here.

2

excuse his failure to timely file. *See* 8 U.S.C. § 1158(a)(2)(D); *Ramadan v. Gonzales*, 479 F.3d 646, 657 (9th Cir. 2007).

Substantial evidence supports the agency's conclusion that Martinez-Cota failed to satisfy his burden of proof for asylum or withholding of removal. The agency found that an incident in 1995 in which Martinez-Cota was shot by police officers did not constitute past persecution or establish a well-founded fear of future persecution because the evidence did not show that the shooting was intentional or based on retaliatory motive. The record does not compel a contrary conclusion. *See Kumar v. Gonzales*, 439 F.3d 520, 524 (9th Cir. 2006) (upholding the IJ's determination that an incident of harm was an accident and therefore did not constitute persecution).

Martinez-Cota's claim that he established past persecution based on threats from the police and occasional arrests is unavailing. None of these incidents rise to the level of persecution, especially where neither the threats nor arrests caused Martinez-Cota any suffering or harm. *See Mendez-Gutierrez v. Ashcroft*, 340 F.3d 865, 869 n.6 (9th Cir. 2003) (concluding that unspecified threats and occasional incidents of detention and interrogation did not rise to the level of persecution); *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (holding that threats against an alien

and his family did not constitute persecution where they remained in the area and were not harmed or even confronted by the NPA).

Moreover, the threats and arrests do not establish a well-founded fear of future persecution, especially in light of the fact that Martinez-Cota voluntarily returned to Mexico on multiple occasions. *See Loho v. Mukasey*, 531 F.3d 1016, 1017-18 (9th Cir. 2008) ("It is well established in this court that an alien's history of willingly returning to his or her home country militates against a finding of past persecution or a well-founded fear of future persecution."). Martinez-Cota's claim is further weakened by the fact that the police commander who threatened him is now deceased. *See Rodriguez-Rivera v. INS*, 848 F.2d 998, 1006 (9th Cir. 1988) (per curiam) (holding that an alien failed to establish a well-founded fear of persecution where the person who had threatened the alien was deceased).

Substantial evidence supports the agency's determination that Martinez-Cota failed to establish a well-founded fear of future persecution based on the 2011 arrest warrant. The record does not compel a finding that the warrant was issued for an improper purpose, and ordinary criminal prosecution does not constitute persecution or give rise to a well-founded fear of persecution. *See Lin v. Holder*, 610 F.3d 1093, 1097 (9th Cir. 2010); *Singh v. Gonzales*, 439 F.3d 1100, 1112 (9th Cir. 2006) ("where there is evidence of a legitimate prosecutorial purpose, foreign

4

authorities enjoy much latitude in vigorously enforcing their laws"). In addition, Martinez-Cota has failed to provide evidence that would compel the conclusion that the warrant was connected to the 1995 shooting or police threats and arrests. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (holding that an alien's speculative fear of future harm was insufficient to compel a finding of a well-founded fear of future persecution where the alien submitted no specific evidence to support her claims).

Therefore, substantial evidence supports the agency's finding that Martinez-Cota failed to meet his burden of proof to qualify for asylum. *See Kumar*, 439 F.3d at 524-25. Because Martinez-Cota cannot meet the lesser burden of proof of asylum, he necessarily fails to meet the higher burden of proof to qualify for withholding of removal. *See id.* at 525.

Finally, the agency's denial of protection under CAT is supported by substantial evidence because the record does not compel a finding that it is more likely than not that Martinez-Cota will be tortured in Mexico. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011).

Martinez-Cota's remaining contentions are meritless.

**PETITION FOR REVIEW DENIED.**

5