**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 07 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERNA SARI DEWI, | No. 10-70101 |
| Petitioner, | Agency No. A099-739-944 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 13, 2014
Pasadena, California

Before: PAEZ and NGUYEN, Circuit Judges, and MOTZ, District Judge.[**]

Erna Sari Dewi ("Dewi"), a native and citizen of Indonesia, petitions for

review of a decision of the Board of Immigration Appeals ("BIA") affirming the

denial of her application for asylum, withholding of removal, and protection under

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable J. Frederick Motz, Senior District Judge for the U.S. District Court for the District of Maryland, sitting by designation.

the Convention Against Torture ("CAT").  Dewi fears that if she were to return to Indonesia, she would be persecuted and tortured on account of her Christian religion and Chinese ethnicity.  The immigration judge ("IJ") found Dewi credible but concluded that Dewi had not established past persecution or a well-founded fear of future persecution, nor that she would be tortured by or with the acquiescence of the government.

We review the factual findings of the BIA for substantial evidence.  *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).  To the extent that the BIA adopts the IJ's findings, we review those for substantial evidence as well.  *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011).  We grant Dewi's petition for review in part and remand to the BIA for further consideration in light of our decision in *Tampubolon v. Holder*, 610 F.3d 1056 (9th Cir. 2010).

Dewi claims that she faced past persecution in Indonesia on account of her membership in two disfavored groups, Christians and ethnic Chinese in Indonesia.  She also alleges that she has a well-founded fear of future persecution on account of these grounds.  Substantial evidence supports the BIA's determination that Dewi did not suffer past persecution while living in Indonesia, as the incidents she experienced, including harassment, taunting, and assault, do not rise to the level of

2

persecution.  *See Li v. Ashcroft*, 356 F.3d 1153, 1158 (9th Cir. 2004) (characterizing persecution as "an extreme concept").

However, when considering Dewi's claim of a well-founded fear of future persecution, the BIA did not have the benefit of our decision in *Tampubolon*, which held that "Christian Indonesians" were a disfavored group.  610 F.3d at 1062.  Accordingly, the BIA conducted a disfavored group analysis only as it related to Dewi's status as an ethnic Chinese, a previously recognized disfavored group.  *See Sael v. Ashcroft*, 386 F.3d 922, 927 (9th Cir. 2004).  Because the BIA decided Dewi's appeal before we issued our decision in *Tampubolon*, we grant the petition for review with respect to Dewi's asylum and withholding claims and remand for the BIA to conduct a disfavored group analysis in light of Dewi's status as a member of two disfavored groups.  *See* 610 F.3d at 1062 ("[W]e must remand to the BIA for it to determine whether the combination of disfavored group evidence and evidence of individualized risk is sufficient to establish a clear probability that petitioners will be persecuted if removed to Indonesia.").

As Dewi presented no evidence that she would be tortured if removed to Indonesia, she failed to establish eligibility for CAT relief.  We therefore deny the petition for review with respect to Dewi's CAT claim.

The parties shall bear their own costs on appeal.

3

**PETITION GRANTED in part, DENIED in part, and REMANDED.**