# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DAVID ERNESTO LOPEZ-CARDONA,
                    *Petitioner,*

            v.

ERIC H. HOLDER JR., Attorney
General,
                    *Respondent.*

No. 09-71661

Agency No.
A077-274-059

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 9, 2010
Submission Deferred August 9, 2010
Resubmitted November 10, 2011*
San Francisco, California

Filed November 18, 2011

Before: Susan P. Graber, Consuelo M. Callahan, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Bea

---

*This case is resubmitted as of November 10, 2011.

20247

## COUNSEL

Evangeline G. Abriel, Director, Legal Analysis, Research, and Writing, Martin Guerbadot, Student Counsel, Santa Clara University School of Law, Santa Clara, California, for the petitioner.

Tony West, Assistant Attorney General, Linda S. Wernery, Assistant Director, Kerry A. Monaco, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Civil Division, Washington, D.C., for the respondent.

## OPINION

BEA, Circuit Judge:

David Lopez-Cardona,** a native and citizen of El Salvador, petitions for review of a decision by the Board of Immigration Appeals ("BIA") affirming a decision of the

---

**The Clerk shall amend the docket to reflect that Petitioner's last name is spelled Lopez-Cardona, not Lopez Cordona.

Immigration Judge ("IJ") to deny Lopez's applications for withholding of removal under 8 U.S.C. § 1231(b)(3) (the Immigration and Nationality Act, the "INA"), and withholding and deferral of removal under the Convention Against Torture ("CAT") under 8 C.F.R. §§ 1208.16-1208.18. We deny the petition.

Where, as here, the BIA adopts the IJ's decision while adding some of its own reasoning, we review both decisions. *Siong v. INS*, 376 F.3d 1030, 1036 (9th Cir. 2004). We review constitutional claims and questions of law *de novo* and review factual findings under the deferential substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

Lopez concedes that he is removable under 8 U.S.C. § 1227(a)(2)(A)(iii) for having been convicted of an aggravated felony because he was convicted in March 2007 of three counts of first-degree residential burglary, in violation of California Penal Code § 459.[1] He was sentenced to three terms of four years in prison, to be served concurrently.

Second, Lopez also concedes that he is removable under 8 U.S.C. § 1227(a)(2)(B)(i) for having been convicted of an offense involving a controlled substance because he was convicted two separate times in February 2006 of the use of a controlled substance—methamphetamine—in violation of California Health and Safety Code § 11550(a), and sentenced to ninety days in jail for each conviction.

Although conviction for an "aggravated felony" makes an

---

[1]California Penal Code § 459 provides: "Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building . . . with intent to commit grand or petit larceny or any felony is guilty of burglary."

alien removable and statutorily ineligible for asylum under 8 U.S.C. § 1158(b)(2)(A)(ii), it is not automatically a bar to relief in the form of withholding of removal. The aggravated felony conviction prevents an alien from being eligible for withholding only if the crime constitutes a "particularly serious crime." 8 C.F.R. § 1208.16(d)(2). The IJ denied Lopez's applications for withholding of removal, holding that a conviction under California Penal Code § 459 for residential burglary constitutes a particularly serious crime because it is a crime of violence as defined in 18 U.S.C. § 16(b). The BIA dismissed Lopez's appeal.

**[1]** We hold that a conviction for residential burglary under California Penal Code § 459 constitutes a crime of violence because it is a felony "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b). Thus, a conviction under California Penal Code § 459 is a "particularly serious crime." 8 U.S.C. § 1231(b)(3)(B); 8 C.F.R. § 1208.16(d)(2); *Leocal v. Ashcroft*, 543 U.S. 1, 10 (2004) ("The reckless disregard in [18 U.S.C.] § 16 relates not to the general conduct or to the possibility that harm will result from a person's conduct, but to the risk that the use of physical force against another might be required in committing a crime. The classic example is burglary. A burglary would be covered under § 16(b) not because the offense can be committed in a generally reckless way or because someone may be injured, but because burglary, by its nature, involves a substantial risk that the burglar will use force against a victim in completing the crime.") (footnote omitted). *Leocal* addressed a generic burglary, but in *United States v. Becker*, 919 F.2d 568 (9th Cir. 1990), we held that California first-degree burglary under California Penal Code § 459 is categorically a "crime of violence" under 18 U.S.C. § 16(b) because the crime inherently involves a substantial risk of physical force:

> Any time a burglar enters a dwelling with felonious or larcenous intent there is a risk that in the course

of committing the crime he will encounter one of its lawful occupants, and use physical force against that occupant either to accomplish his illegal purpose or to escape apprehension.

*Id.* at 571. Although *Becker* involved a sentencing enhancement under the Guidelines, at the time the relevant Guidelines section defined "crime of violence" by reference to 18 U.S.C. § 16. *Becker*, 919 F.2d at 569; *see also James v. United States*, 550 U.S. 192, 208 (2007) (holding that the proper inquiry for the categorical approach is whether the conduct covered by the crime presents the requisite risk of injury "in the ordinary case"); *United States v. Park*, 649 F.3d 1175, 1178 (9th Cir. 2011) (holding that California residential burglary is categorically a "crime of violence" under the residual clause of U.S.S.G. § 4B1.2(a)(2), which requires the criminal conduct to present "a serious potential risk of physical injury to another"); *United States v. M.C.E.*, 232 F.3d 1252, 1255 (9th Cir. 2000) (explaining that "[c]ourts . . . have come to the conclusion (unanimous, so far as we can tell) that residential burglary is indeed a crime of violence"). Under *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc), therefore, we must follow *Becker* unless an intervening Supreme Court or en banc decision is "clearly irreconcilable" with it.

We must decide today whether our recent en banc decision in *Aguila-Montes de Oca* changes this result. We hold that it does not. In *United States v. Aguila-Montes de Oca*, No. 05-50170, 2011 WL 3506442, at *2 (9th Cir. Aug. 11, 2011) (en banc) (per curiam), Aguila was convicted of first-degree residential burglary under California Penal Code § 459. Later, he was convicted of illegal reentry after deportation, in violation of 8 U.S.C. § 1326. The district court enhanced his sentence under U.S.S.G. § 2L1.2(b)(1)(A), holding that his prior burglary conviction qualified as "burglary of a dwelling" and therefore a "crime of violence" under the Guidelines. U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). In so holding, the district court did not rely on the definition of crime of violence we

must use here, which looks to whether the crime is a felony "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Rather, the district court held that a conviction under California Penal Code § 459 was a crime of violence because it constituted a "generic burglary." Our en banc court reversed that decision, holding:

> [B]urglary under California Penal Code § 459 is categorically broader than generic burglary because California's definition of "unlawful or unprivileged entry," unlike the generic definition, permits a conviction for burglary of a structure open to the public and of a structure that the defendant is licensed or privileged to enter if the defendant enters the structure with the intent to commit a felony.

*Id.* at *25.

Under our case law, certain crimes can be categorically crimes of violence under one of the relevant sections but not the other because the term "crime of violence" is defined differently in different statutes. *See United States v. Gomez-Leon*, 545 F.3d 777, 786 (9th Cir. 2008) ("Confusingly, the phrase 'crime of violence' is used to identify predicate offenses in a wide variety of contexts, but there are at least four different ways to determine whether an offense constitutes a 'crime of violence.' *See* 18 U.S.C. § 16; U.S.S.G. § 2L1.2 cmt. 1(B)(iii); U.S.S.G. § 4B1.2. What may be a predicate offense under one approach is not necessarily a predicate offense under another approach." (footnotes omitted)). For example, *Becker* itself recognized that the California crime of burglary might not be a "crime of violence" under a federal statute defining the term by reference to the

generic crime, even though it is a "crime of violence" under the risk-focused text of § 16(b).**²** *Becker*, 919 F.2d at 572 n.7.

**[2]** *Aguila-Montes* holds only that a conviction under California Penal Code § 459 does not categorically constitute a conviction for generic burglary. It does not address the previously decided question of whether a conviction under California Penal Code § 459 for residential burglary is an offense "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b). That being so, *Aguila-Montes* is not clearly irreconcilable with *Becker*. Accordingly, Lopez is ineligible for withholding of removal under either the INA, 8 U.S.C. § 1231(b)(3)(B), or CAT, 8 C.F.R. § 1208.16(d)(2).

Unlike asylum and withholding, there are no mandatory bars to an applicant seeking deferral of removal under CAT. *See* 8 C.F.R. § 1208.16(c)(4) (stating that deferral of removal under 8 C.F.R. § 1208.17(a) is available for applicants who would otherwise be barred from withholding of removal). To be eligible for deferral of removal under CAT, the alien has the burden of proof "to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2).

**[3]** Thus, unlike Lopez's withholding of removal claims, the IJ did not deny Lopez's CAT deferral of removal claim because of his criminal convictions. Rather, the IJ correctly determined that Lopez failed to meet his burden of proof.

---

**²***Becker* discussed the possibility that California residential burglary might not be a "violent felony" under the definition provided at 18 U.S.C. § 924(e)(2)(B)(ii), but we have held that the interpretation of "violent felony" under § 924 is essentially the same as "crime of violence" under U.S.S.G. § 4B1.2. *United States v. Crews*, 621 F.3d 849, 856 (9th Cir. 2010).

Lopez claims CAT relief based on one incident in 2005 in which a group of gang members beat Lopez and his cousin as they were exiting a store. Lopez himself testified that these gang members stopped the beating after they saw police in the area. That the police were willing and able to protect people from this gang is evidence Lopez would not be tortured upon his return. Although gang members beat up Lopez and his cousin in 2005, there is no evidence those gang members knew Lopez or his cousin, nor that the gang members had any reason to hurt them. It could be that Lopez and his cousin were just unfortunate bystanders who were in the wrong place at the wrong time. Further, there is no evidence the gang members are looking for Lopez today. Therefore, Lopez has failed to prove it is more likely than not he will be tortured upon his return. 8 C.F.R. § 1208.16(c)(2).

**PETITION DENIED.**