**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JIE ZHANG, | No. 10-73755 |
| Petitioner, | Agency No. A099-462-819 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2012[**]

Before:    HUG, FARRIS, and LEAVY, Circuit Judges.

Petitioner Jie Zhang ("Zhang"), a native and citizen of China, petitions for

review of a decision from the Board of Immigration Appeals ("BIA") in which the

BIA dismissed his appeal from the immigration judge's ("IJ") denial of his

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application for asylum, withholding from removal, and protection under Article III of the Convention Against Torture ("CAT").[1]

Where the BIA conducts its own review of the evidence and law rather than adopting the IJ's decision, this court limits its review to the BIA's decision, except to the extent that the BIA expressly adopts the IJ's opinion. *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006). This court reviews legal questions de novo and reviews factual findings under the "substantial evidence standard, treating them as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011) (quoting 8 U.S.C. § 1252(b)(4)(B)).

This court reviews adverse credibility findings under the substantial evidence standard. *Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011). This court reviews a ruling denying asylum or withholding of removal for substantial evidence. *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004). Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss the petition for review.

Zhang argues that the BIA erred by upholding the IJ's adverse credibility finding. The BIA found three notable discrepancies in Zhang's testimony which

---

[1]Because the parties are familiar with the facts underlying this appeal, we do not recount the facts here.

2

formed the basis of its adverse credibility determination. The record reflects that Zhang's testimony before the IJ was not consistent with his written statements. "Material alterations in the applicant's account of persecution are sufficient to support an adverse credibility finding." *Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011). Multiple inconsistencies taken together can "deprive the claim of the requisite ring of truth, thereby supplying substantial evidence that will sustain [an] adverse credibility determination." *Rizk*, 629 F.3d at 1088 (internal quotation marks omitted). The three inconsistencies noted by the BIA deprive Zhang's claim of the requisite ring of truth. *See id.* The inconsistencies between Zhang's written statement and his oral testimony constitute material alterations. *See Zamanov*, 649 F.3d at 973. Substantial evidence therefore supports the BIA's adverse credibility determination. *See id.*; *Rizk*, 629 F.3d at 1088.

In order to establish eligibility for asylum, the applicant must credibly establish the elements of his or her claim. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Zhang's failure to provide credible evidence is fatal to his asylum claim. *See id.*

An applicant's failure to satisfy the well-founded fear standard applicable to asylum applications necessarily precludes his or her satisfying the more stringent clear probability standard that withholding of removal requires. *Alvarez-Santos v.*

*I.N.S.*, 332 F.3d 1245, 1255 (9th Cir. 2003). Zhang's withholding of removal claim therefore fails. *See id.*

This court generally will not take up arguments not raised in an alien's opening brief. *Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010). Zhang has waived review of the BIA's determination that he is ineligible for relief under CAT because he failed to meaningfully raise the claim in his opening brief. *See id.*

We have reviewed Zhang's remaining contentions and they are not persuasive. We do not consider the new evidence Zhang references in his opening brief. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (this court's review is limited to the administrative record).

**PETITION FOR REVIEW DENIED**