**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 19 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GURPREET SINGH,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER JR., Attorney General,<br><br>Respondent. | No. 08-73825<br><br>Agency No. A096-489-242<br><br>MEMORANDUM[*] |

Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2013[**]
San Francisco, California

Before: KOZINSKI, Chief Judge, and GRABER and CHRISTEN, Circuit Judges.

In this pre-REAL ID Act case, Petitioner Gurpreet Singh seeks review of a decision by the Board of Immigration Appeals ("BIA") that adopts an immigration judge's ("IJ") ruling, which denied his applications for asylum, withholding of removal, and protection under the Convention Against Torture. "Where, as here,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

the BIA adopts the IJ's decision while adding some of its own reasoning, we review both decisions." Lopez-Cardona v. Holder, 662 F.3d 1110, 1111 (9th Cir. 2011). Because the record does not compel the conclusion that Petitioner testified credibly, we deny the petition. See 8 U.S.C. § 1252(b)(4)(B).

The decisions below identify several grounds for an adverse credibility determination. Most significantly, Petitioner testified that his father was arrested on August 13, 2001, but he submitted a certificate that showed that his father was hospitalized between August 9, 2001, and August 16, 2001. Both the BIA and the IJ found implausible Petitioner's explanations for why the discharge certificate shows that his father was hospitalized during the time of the alleged arrest, and the record does not compel a contrary conclusion. Because one of the identified grounds for the adverse credibility determination is supported by substantial evidence and goes to the heart of Petitioner's claim, we must accept that determination. Wang v. INS, 352 F.3d 1250, 1259 (9th Cir. 2003).

Because Petitioner's testimony was not credible, and because Petitioner does not present other evidence that compels the conclusion that it is "more likely than not" he would be tortured if sent back to India, Shrestha v. Holder, 590 F.3d 1034, 1048 (9th Cir. 2010) (internal quotation marks omitted), the BIA and the IJ

2

permissibly concluded that Petitioner failed to establish eligibility for asylum, withholding of removal, or protection under the Convention Against Torture.

**Petition DENIED.**