**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOEL FABIAN-LOPEZ,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 11-71513<br><br>Agency No. A098-957-730<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 29, 2013[**]

Before:     HUG, FARRIS, and LEAVY, Circuit Judges.

Joel Fabian-Lopez, a native and citizen of Guatemala, petitions for review of

a decision from the Board of Immigration Appeals ("BIA") in which the BIA

dismissed his appeal from the immigration judge's ("IJ") denial of relief in the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

form of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

Where the BIA conducts its own review of the evidence and law rather than adopting the IJ's decision, this court's review is limited to the BIA's decision, except to the extent that it expressly adopts the IJ's opinion. *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006). This court reviews legal questions de novo and reviews factual findings for substantial evidence. *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011). A denial of asylum, withholding of removal, or CAT relief is reviewed for substantial evidence. *Sinha v. Holder*, 564 F.3d 1015, 1020, 1025 (9th Cir. 2009). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny Fabian-Lopez's petition for review.[1]

Substantial evidence supports the agency's denial of asylum and withholding of removal because the record does not compel the conclusion that Fabian-Lopez met his burden of proof. *See Ren v. Holder*, 648 F.3d 1079, 1094 & n.17 (9th Cir. 2011); *Rizk v. Holder*, 629 F.3d 1083, 1091 (9th Cir. 2011). The IJ properly relied on inconsistencies in the evidence. *See Shrestha v. Holder*, 590 F.3d 1034, 1046-47 (9th Cir. 2010). Moreover, the IJ's supplemental use of the

_____

[1] Because the parties are familiar with the facts underlying this appeal, we do not recount the facts here.

State Department's Country Report to refute Fabian-Lopez's generalized statements about conditions in Guatemala was proper. *See Chebchoub v. INS*, 257 F.3d 1038, 1043-44 (9th Cir. 2001) (*superseded by statute on other grounds as stated in Shrestha*, 590 F.3d at 1046). The IJ properly determined that Fabian-Lopez failed to provide reasonably available corroborating evidence. *See Aden v. Holder*, 589 F.3d 1040, 1043-45 (9th Cir. 2009). Finally, substantial evidence supports the IJ's determination that the corroborating evidence Fabian-Lopez provided was insufficient. *See id.* at 1046.

Fabian-Lopez's claim under CAT was based entirely upon the same evidence he submitted in support of his claim for asylum. Because substantial evidence supported a denial of asylum based on a failure to credibly establish his claim, it likewise supports a denial of protection under CAT. *Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).

Fabian-Lopez's remaining contentions lack merit, and we deem all other claims waived.[2] *See Rizk*, 629 F.3d at 1091 n.3.

**PETITION DENIED.**

---

[2] We lack jurisdiction to consider whether Fabian-Lopez is eligible for consideration for Deferred Action for Childhood Arrivals. *See* 8 U.S.C. § 1252(g).