**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN ORTIZ-MEJIA, | No. 11-73301 |
| Petitioner, | Agency No. A089-070-531 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 11, 2013[**]
Seattle, Washington

Before: TASHIMA, GRABER, and MURGUIA, Circuit Judges.

Juan Ortiz-Mejia, a native and citizen of Guatemala, petitions for review of a

Board of Immigration Appeals (BIA) order dismissing his appeal of a decision by

the immigration judge (IJ) denying his applications for asylum, withholding of

removal, and protection under the Convention Against Torture. Our jurisdiction is

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We deny the petition for review, which addresses only Ortiz-Mejia's application for asylum.

Because the BIA incorporated into its order the IJ's finding that Ortiz-Mejia had not established that he suffered from past persecution, we review both decisions to determine whether that finding is supported by substantial evidence in the record. *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011). We conclude that it is. Although Ortiz-Mejia testified that he had received threats against himself, his family, and his home, he did not provide specific details as to the tone or manner of those threats. Ortiz-Mejia, his family, and his home were never actually harmed in any way. In the absence of more specific evidence of threats of harm or actual harm, the agency's finding that Ortiz-Mejia did not suffer past persecution is supported by substantial evidence.

The agency's determination that Ortiz-Mejia failed to establish a well-founded fear of future persecution is likewise supported by the record. *See generally Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006). To establish eligibility for asylum because of a well-founded fear of persecution, an alien's fear "must be both subjectively genuine and objectively reasonable." *Ghaly v. INS*, 58 F.3d 1425, 1428 (9th Cir. 1995). Although Ortiz-Mejia satisfied the subjective component by providing credible testimony, *see Prasad v. INS*, 47 F.3d 336, 338

2

(9th Cir. 1995), he did not satisfy the objective component, which "requires a showing by credible, direct, and specific evidence in the record, of facts supporting a reasonable fear of persecution on the relevant ground," *Fisher v. INS*, 79 F.3d 955, 960 (9th Cir. 1996).

Ortiz-Mejia produced some evidence that the individuals who threatened him identified him politically with the official for whom he worked, and therefore may have been motivated to harm him on account of a protected ground. *See Velarde v. INS*, 140 F.3d 1305, 1311 (9th Cir. 1998) (imputing the political opinion of a public official to a bodyguard for the official's family). Even if he showed imputed political opinion, however, Ortiz-Mejia failed to establish that his fear of future persecution is objectively reasonable, because substantial evidence supports the finding that it is unlikely that the persecution he fears will be ongoing. Substantial evidence supports the agency's finding that, whatever the reasonableness of Ortiz-Mejia's fear in the past, it is dispelled by the fact that the politician for whom he worked no longer is in office.

**PETITION FOR REVIEW DENIED.**