FILED

MAY 19 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GURKIRAT SINGH, | No. 10-72820 |
| Petitioner, | Agency No. A094-944-753 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2014[**]
San Francisco, California

Before: McKEOWN and M. SMITH, Circuit Judges, and BOLTON, District
Judge.[***]

Gurkirat Singh, a native and citizen of India, petitions for review of a

decision of the Board of Immigration Appeals (BIA) affirming the Immigration

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Susan R. Bolton, District Judge for the U.S. District
Court for the District of Arizona, sitting by designation.

Judge's (IJ) denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT) on the basis of an adverse credibility determination. Because the parties are familiar with the facts and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. Where the BIA added its own reasoning to the IJ's decision, as here, we review both decisions. *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011). We deny the petition for review.

Upon consideration of the totality of the circumstances and all relevant factors, as required by the REAL ID Act, we conclude that substantial evidence supports the adverse credibility determination. *See Shrestha v. Holder*, 590 F.3d 1034, 1040 (9th Cir. 2010); *Kin v. Holder*, 595 F.3d 1050, 1054–55 (9th Cir. 2010). The BIA identified specific and cogent reasons to support the adverse credibility determination. *See Alvarez-Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir. 2003). More specifically, the BIA identified Singh's inconsistent testimony concerning his voting history, which relates to how politically active he was and whether he faced persecution as a result. The BIA also noted that Singh presented different reasons for his 2004 arrest and the land dispute at the merits hearing and in the asylum application. Singh's testimony did not "simply . . . include[] details that are not set forth in the asylum application," but rather crafted an entirely new claim. *See Smolniakova v. Gonzales*, 422 F.3d 1037, 1045 (9th Cir. 2005) (internal

quotation omitted). These inconsistencies are more than "mere trivial error[s]," and support the adverse credibility determination. *See Shrestha*, 590 F.3d at 1044. On appeal, Singh has not shown that the evidence compels reversal of the adverse credibility determination. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because substantial evidence supports the adverse credibility determination, and Singh agrees that the present petition for review is "entirely based" on a challenge to the adverse credibility determination, we need not reach the issue whether Singh waived review of the BIA's determinations concerning the corroborative evidence, country conditions evidence, and CAT claim. *See id.* at 1157.

**PETITION DENIED.**