**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUIYING CHEN,<br><br>  Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>  Respondent. | No. 10-72848<br><br>Agency No. A099-403-715<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 8, 2014
San Francisco, California

Before: O'SCANNLAIN, THOMAS, and McKEOWN, Circuit Judges.

Guiying Chen, a native and citizen of the People's Republic of China, appeals the decision of the Board of Immigration Appeals denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Chen's petition is governed by the credibility and corroboration standards established by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40, 1047-48 (9th Cir. 2010). We review the BIA's factual findings for substantial evidence and we review questions of law de novo. *Id.* at 1039, 1048. Our review is limited to the BIA decision when the BIA conducts its own review of the evidence and law, except to the extent that the IJ's opinion has been expressly adopted. *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006).

Substantial evidence supports the agency's adverse credibility finding. *See Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011) (stating standard). Our standard of review is "extremely deferential: 'administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (quoting 8 U.S.C. § 1252(b)(4)(A)-(B)).

Under the REAL ID Act, an adverse credibility determination may be based on "any inaccuracies or falsehoods" in the applicant's statements, regardless of whether they "go[] to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). Under this deferential standard, the BIA's determination must be upheld. Substantial evidence supports the BIA's conclusion that Chen's

inconsistent statements were material and were directly related to her claims for relief.

Given our resolution of this issue, we need not—and do not—reach any other issue urged by the parties.

**PETITION DENIED.**

3