**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JIANPING YE, | No. 13-73198 |
| Petitioner, | Agency No. A097-957-361 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 2, 2016
Pasadena, California

Before: PREGERSON, BYBEE, and N.R. SMITH, Circuit Judges.

Jianping Ye ("Ye"), a native and citizen of the People's Republic of China,

seeks review of the Board of Immigration Appeals's ("BIA") decision, which

affirmed an Immigration Judge's ("IJ") denial of Ye's application for asylum,

withholding of removal, and protection under the Convention Against Torture

("CAT"). Ye requested relief based on a forced marriage and related abuse in

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

China, which led him to flee to Ecuador and subsequently to the United States. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

**1.** Substantial evidence supports the IJ's finding that Ye was statutorily ineligible for asylum due to firm resettlement.[1] *See* 8 C.F.R. § 208.13(c)(2)(i)(B); *Maharaj v. Gonzales*, 450 F.3d 961, 967 (9th Cir. 2006) (en banc). In addressing this statutory bar, the government met its initial burden by providing prima facie evidence that an offer of permanent resettlement had been made. *Maharaj*, 450 F.3d at 972; *Matter of A-G-G-*, 25 I. & N. Dec. 486, 501 (BIA 2011). The government submitted a census document and identity card, both issued by the government of Ecuador, showing that Ye had attained permanent resident status as an industrial investor.

Although Ye's 2004 identity card did have a 2016 expiration date, there was no indication that this identification was invalid or could not be renewed. The government also provided evidence indicating that Ye's ability to maintain his permanent resident status would only be threatened by prolonged absence from Ecuador. Ye did not contest the authenticity of these documents, nor did Ye

---

[1] The firm resettlement bar does not apply either to Ye's withholding or CAT claims, which, unlike asylum, are not discretionary. *See Lopez-Cardona v. Holder*, 662 F.3d 1110, 1113–14 (9th Cir. 2011); *Siong v. I.N.S.*, 376 F.3d 1030, 1041 (9th Cir. 2004).

2

attempt to show that he did not qualify for the offer of firm resettlement or to argue that no offer had in fact been made. *Matter of A-G-G-*, 25 I. & N. Dec. at 502–03.

**2.** Substantial evidence supports the IJ's denial of Ye's withholding claim because Ye cannot overcome his adverse credibility determination or lack of corroborating evidence. *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014). The IJ noted discrepancies between Ye's assertions about his family ties and Ye's key sources of documentary evidence—his birth certificate and household register. The IJ also found implausible Ye's claim that he knew nothing of the details of his immigration documentation. *See Jibril v. Gonzales,* 423 F.3d 1129, 1135 (9th Cir. 2005) ("[A]n IJ must be allowed to exercise common sense in rejecting a petitioner's testimony even if the IJ cannot point to specific, contrary evidence in the record to refute it."). Ye was given notice and an opportunity to provide additional documentation to strengthen his account of events, and he failed to do so.[2] *See Ren v. Holder*, 648 F.3d 1079, 1091–92 (9th Cir. 2011).

**3.** We do not address the BIA's alternate grounds for denying Ye's asylum and withholding claims, i.e., his failure to argue a legally cognizable

_____

[2] Ye filed a 28(j) prior to oral argument, asserting that he was not given notice and an opportunity to corroborate his claims. Ye conceded at oral argument, however, that even if this claim were true, he failed to exhaust this argument before the BIA.

particular social group or to show a nexus between his harm and past persecution. The permanent resettlement and adverse credibility determinations, both supported by substantial evidence, are sufficient bases on which to reach a decision for these claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

**4.** Substantial evidence also supports the BIA's determination that Ye is not eligible for protection under CAT, given Ye's lack of credible testimony and the failure of general country conditions evidence to compel the conclusion that Ye is more likely than not to be tortured if returned to China. *See Shrestha v. Holder*, 590 F.3d 1034, 1048–49 (9th Cir. 2010).

Ye's petition for review is **DENIED**.