NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 11 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS SANCHEZ-MENDOZA, | No.    15-72538 |
| Petitioner, | Agency No. A200-150-892 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2018**
San Francisco, California

Before:  WALLACE and BERZON, Circuit Judges, and MUELLER,*** District Judge.

Sanchez-Mendoza petitions for review of the dismissal by the Board of

Immigration Appeals ("BIA") of his appeal from a decision of an Immigration

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Kimberly J. Mueller, United States District Judge for the Eastern District of California, sitting by designation.

Judge "(IJ") denying his application for asylum and withholding of removal, as well as for protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's findings of fact for substantial evidence, *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014), and its legal conclusions de novo, *Romero-Mendoza v. Holder*, 665 F.3d 1105, 1107 (9th Cir. 2011). We deny the petition for review.

With respect to asylum and withholding of removal, Sanchez-Mendoza has failed to establish persecution on account of a protected ground. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017). Sanchez-Mendoza relies on membership in a "particular social group," namely a group comprising former members of a gang opposed to the Mara Salvatrucha. Our prior decision in *Reyes v. Lynch*, 842 F.3d 1125, 1138 (9th Cir. 2016), issued after Sanchez-Mendoza filed his petition, forecloses this argument. *See also Arteaga v. Mukasey*, 511 F.3d 940, 945–46 (9th Cir. 2007).

With respect to protection under the CAT, Sanchez-Mendoza has not met his burden to establish that he will "more likely than not" be subject to torture by private persons acting with the consent or acquiescence of public officials, or torture by public officials themselves, if he is removed to El Salvador. *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1113–14 (9th Cir. 2011). In particular, Sanchez-Mendoza has not established that the government acquiesced in torture

when public officials did not act on his reports of the harm he experienced more than a decade prior.

Sanchez-Mendoza contends that the IJ failed to consider a report by the Congressional Research Service ("CRS") and several news articles in the record. But the IJ expressly acknowledged eight exhibits, all of which were admitted into evidence. These exhibits included the CRS report and news articles submitted by Sanchez-Mendoza. The IJ did not fail to mention any "highly probative or potentially dispositive evidence" of government acquiescence in torture because neither the CRS report nor the news articles contain such evidence. *Cole v. Holder*, 659 F.3d 762, 771-72 (9th Cir. 2011); *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) (neither "a general ineffectiveness on the government's part" nor an "inability to bring the criminals to justice" is "evidence of acquiescence, as defined by the applicable regulations"). There is no reason not to "accept the IJ's general statement that he considered all the evidence before him." *Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006).

Finally, Sanchez-Mendoza contends that the BIA's one-sentence denial of CAT protection provided insufficient explanation of its reasoning. But there is no indication that the BIA did not consider all of the evidence before it. *See Cole*, 659 F.3d at 771-72. Although the BIA's reasoning was brief, it was in this case sufficient. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

**PETITION DENIED.**