**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

APR 25 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MOHAMMED ABDI YUSUF,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No. 15-70423<br><br>Agency No. A077-232-444<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 12, 2018
Pasadena, California

Before: McKEOWN and WARDLAW, Circuit Judges, and QUIST,** District Judge.

Mohammed Abdi Yusuf petitions for review of the Board of Immigration

Appeals' ("BIA") decision finding him ineligible for asylum, withholding of

removal, and Convention Against Torture ("CAT") relief. We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

pursuant to 8 U.S.C. § 1252(a)(1). We grant the petition for review and remand to the BIA for further proceedings.

"Where, as here, the BIA adopts the IJ's decision while adding some of its own reasoning, we review both decisions." *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011). "We review petitions for review of the BIA's determination that a petitioner does not qualify for asylum or withholding of removal under the highly deferential 'substantial evidence' standard." *Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010).

To establish an asylum claim based on past persecution, an asylum-seeker must provide evidence of "(1) an incident, or incidents, that rise to the level of persecution; (2) that is on account of one of the statutorily-protected grounds; and (3) is committed by the government or forces the government is either unable or unwilling to control." *Lopez v. Ashcroft*, 366 F.3d 799, 802–03 (9th Cir. 2004) (quoting *Chand v. INS*, 222 F.3d 1066, 1073 (9th Cir. 2000)). The BIA determined that Yusuf had not established past persecution on the basis of a protected ground. We disagree. Record evidence compels the conclusion that Yusuf suffered past persecution on the basis of his political opinion.[1]

---

[1] Because this case is not subject to the REAL ID Act, *see* Pub. L. No. 103-13, 119 Stat. 231 (2005), § 101(h)(2), Yusuf's testimony, which the IJ found credible, "is sufficient to establish the facts testified without the need for any corroboration."

First, the conduct to which Yusuf was subjected by the Geri sub-clan chief—that is, the bazooka attack on his home, which was intended to kill him and which did kill his mother and brother—undoubtedly rises to the level of persecution. Attempted murder constitutes persecution because "attempts to murder are a form of physical harm. We have determined that such assaults threatening life itself constitute persecution." *Lopez*, 366 F.3d at 803; *see also Madrigal v. Holder*, 716 F.3d 499, 504 (9th Cir. 2013).[2]

Second, the evidence compels the conclusion that the Geri chief's persecution of Yusuf was on account of the political opinion Yusuf verbally expressed to the chief when he refused to join the chief's militia. Yusuf's expressed desire not to "kill innocent people" or become "a murderer" by participating in the militia is a protected political opinion. *See Regalado-Escobar v. Holder*, 717 F.3d 724, 729 (9th Cir. 2013) ("[O]pposition to the strategy of using violence can constitute a political opinion that is a protected ground for asylum purposes."). This case is thus distinct from the facts of *INS v. Elias-Zacarias*, 502

---

*Aden v. Holder*, 589 F.3d 1040, 1043–44 (9th Cir. 2009) (quoting *Ladha v. INS*, 215 F.3d 889, 901 (9th Cir. 2000)).

[2] To the extent that the IJ suggested the bombing of Yusuf's home may have been merely an accident, the evidence compels the opposite conclusion. The idea that Yusuf's house *just happened* to be blown up with a bazooka the same day that the Geri chief's men confiscated Yusuf's goods—when the chief, just two days before, had ordered his men both to kill Yusuf and to take his property—beggars belief.

U.S. 478 (1992), where the record "failed to show a political motive" because reluctance to fight in a guerrilla organization might be motivated by "a variety of reasons—fear of combat, a desire to remain with one's family and friends, a desire to earn a better living in civilian life, to mention only a few." *Id.* at 482. Unlike in *Elias-Zacarias*, we know what Yusuf's reasons were, and we know they constituted political opposition to the inter-clan warfare—because he explicitly said so to the chief.

The nexus requirement—that the persecution be "on account of" Yusuf's political opinion, 8 U.S.C. § 1101(a)(42)—is also satisfied. In this pre-REAL ID Act case, this standard requires only that the chief was "motivated, *at least in part*, by a protected ground." *Sinha v. Holder*, 564 F.3d 1015, 1021 (9th Cir. 2009) (emphasis added; alterations incorporated). The applicant "need not provide direct evidence that his or her persecutors were motivated by political opinion;" instead, "*some* evidence of the persecutors' motive, direct or circumstantial," is sufficient. *Navas v. INS*, 217 F.3d 646, 656–57 (9th Cir. 2000) (quoting *Elias-Zacarias*, 502 U.S. at 483) (alterations incorporated).

The government argues that Yusuf failed to establish the requisite nexus, suggesting that the chief may have been motivated not by anger at Yusuf's political opinion, but by a desire to replenish his military ranks regardless of the reason for Yusuf's refusal to serve. But our precedent indicates that where an asylum

4

applicant (1) refuses to cooperate with his persecutors; (2) informs the persecutors of a political reason for this refusal; and (3) is subsequently persecuted, that persecution is motivated at least in part by the applicant's political opinion, even if other motives—such as extorting money or filling military ranks—are also present. *Tarubac v. INS*, 182 F.3d 1114, 1119 (9th Cir. 1999) ("In this case, where Tarubac not only resisted the NPA's demands but expressed political reasons for her resistance, the NPA's subsequent persecution of her is best understood as being on account of her political opinion."); *see also Borja v. INS*, 175 F.3d 732, 736 (9th Cir. 1999).[3]

The government's final argument—that Yusuf's asylum claim is barred by the rule that "punishment for evasion of military duty generally does not constitute persecution," *Zehatye v. Gonzales*, 453 F.3d 1182, 1187 (9th Cir. 2006)—also fails, because it overlooks the fact that this general rule is subject to exceptions. As we have recognized, punishment for resisting conscription *can* constitute persecution on account of political or religious beliefs "where a disproportionately

---

[3] Moreover, in this pre-REAL ID Act case Yusuf is not required to prove that he would not have been targeted but for his political beliefs, which is essentially what accepting the government's position would entail. *See Gafoor v. INS*, 231 F.3d 645, 654 (9th Cir. 2000) ("It is unreasonable, therefore, to require asylum applicants to show . . . that the persecution would not have occurred in the absence of a protected ground."), superseded by statute on other grounds as stated in *Parussimova v. Mukasey*, 555 F.3d 734 (9th Cir. 2009).

severe punishment would result on account of those political or religious beliefs."

*Alonzo v. INS*, 915 F.2d 546, 548 (9th Cir. 1990); *see also Zehatye*, 453 F.3d at 1187–88; *In re A-G-*, 19 I. & N. Dec. 502, 506 (B.I.A. 1987). Summary execution by bazooka is undoubtedly a severe punishment for resisting conscription, and the fact that Yusuf was singled out for that punishment—he credibly testified that he was the only one targeted—renders it disproportionate as well. And as explained above, under our precedent, the chief's attempted murder of Yusuf was "on account of" his political opinion against the war's unnecessary collateral costs.[4]

The third requirement for an asylum claim based on past persecution, that the persecution be carried out by the government or someone the government is unable or unwilling to control, *Lopez*, 366 F.3d at 802–03, is also met here. As the IJ found, the only government that existed for Yusuf after the fall of the national government in the Somali civil war was his tribal government. The IJ and BIA were therefore correct to analyze the Geri chief's regime as the relevant government for Yusuf's asylum claim. *See In re H-*, 21 I. & N. Dec. 337, 344 (B.I.A. 1996) ("[P]ersecution may likewise occur in the rare instance illustrated by

---

[4] The government argues that this exception does not apply because Yusuf has not established that he would have been forced to engage in inhuman conduct in the militia. But this argument confuses two distinct exceptions to the military conscription rule. *See, e.g., Matter of A-G-*, 19 I. & N. Dec. at 506. Yusuf can prevail by showing either disproportionate punishment or inhuman conduct; he need not show both. *Id.*

6

Somalia, where there is no national government in existence.").

Because the evidence compels the conclusion that Yusuf suffered past persecution on the basis of a protected ground, Yusuf is entitled to a presumption of a well-founded fear of future persecution should he be returned to Somalia. *Guo v. Ashcroft*, 361 F.3d 1194, 1204 (9th Cir. 2004); *see* 8 C.F.R. § 208.13(b)(1). And because the BIA and IJ never considered Yusuf's asylum claim under this presumption, we "remand to the agency for consideration in the first instance of whether the presumption has been rebutted." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1076 (9th Cir. 2017) (en banc). In making this determination, the BIA should consider Yusuf's credible testimony that "even if [the Geri chief] passes away, one of his sons will take over and I'm considered as a traitor to my clan."

Our holding that Yusuf suffered past persecution also gives rise to a presumption of withholding of removal. 8 C.F.R. § 1208.16(b)(1)(i); *see Smolniakova v. Gonzales*, 422 F.3d 1037, 1053 (9th Cir. 2005). We therefore remand Yusuf's withholding claim for evaluation in light of this presumption as well. *See id.*[5]

**PETITION GRANTED; REMANDED.**

---

[5] Because we remand for further proceedings on Yusuf's political opinion-based asylum and withholding claims, we address neither his other arguments for asylum and withholding, nor his claim for CAT relief.