**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

# FILED

JUN 11 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



|  |  |
|---|---|
| ARNULFO DAMIAN-PASCUAL, aka Arnulfo Damian Pascual,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No. 15-72812<br><br>Agency No. 206-548-073<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 7, 2018[**]
Portland, Oregon

Before: GRABER and M. SMITH, Circuit Judges, and HELLERSTEIN,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

Arnulfo Damian-Pascual, a citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from the decision of an immigration judge ("IJ") denying cancellation of removal, asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

Our jurisdiction is governed by 8 U.S.C. § 1252(a)(1). We review questions of law de novo and the agency's factual findings for substantial evidence. Zetino v. Holder, 622 F.3d 1007, 1011−12 (9th Cir. 2010). When the BIA conducts its own review of the evidence and law, "our review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." Antonyan v. Holder, 642 F.3d 1250, 1254 (9th Cir. 2011). Here, the BIA conducted its own review of the evidence and law; our review is therefore limited to the BIA's decision.

1. Petitioner challenges the denial of his application for cancellation of removal on the ground that the BIA erred by finding that he failed to meet the eligibility requirements of 8 U.S.C. § 1229b(b). But the BIA also denied relief in the exercise of its discretion. We lack jurisdiction over that decision, 8 U.S.C. § 1252(a)(2)(B)(i), which is an independent, sufficient, and alternative ground for the BIA's denial of relief. Accordingly, we need not address Petitioner's challenge to the adverse eligibility finding. There is no legal support for Petitioner's arguments that the BIA cannot make an alternative, independent discretionary

decision if its motive is to insulate its conclusion from judicial review (assuming, but not deciding, that the BIA had such a motive here) or that we must consider the discretionary decision to be subsidiary.

2. As to the application for asylum, substantial evidence supports the BIA's finding that Petitioner's 2015 application for asylum was untimely, received more than a year after petitioner entered the United States (in 2000). See 8 U.S.C. § 1158(a)(2)(B); 8 C.F.R. § 1208.4(a)(2). "We may review the agency's application of the changed . . . circumstances exception to undisputed facts as it relates to the one-year filing rule." Vahora v. Holder, 641 F.3d 1038, 1042 (9th Cir. 2011) (ellipsis in original) (internal quotation marks omitted). Petitioner cannot argue that "changed circumstances" excused his delay, see Taslimi v. Holder, 590 F.3d 981, 984 (9th Cir. 2010), as he was aware of violence and vigilante activity in his hometown since at least 2012.

3. As to the application for withholding of removal, see 8 U.S.C. § 1231(b)(3)(A), Petitioner did not meaningfully challenge on appeal to the BIA the IJ's finding that he did not suffer from past persecution. Further, substantial evidence supports the BIA's finding that Petitioner's proposed group—"male residents of Urapicho"—does not meet the requirements for a particularized social group to support Petitioner's fear of future persecution. See 8 C.F.R. § 1208.13(b); Henriquez-Rivas v. Holder, 707 F.3d 1081, 1091–93 (9th Cir. 2013) (en banc).

3

4.  Finally, substantial evidence supports the BIA's denial of CAT relief.  To prevail on such a claim, Petitioner had to show that it is more likely than not that he will be tortured if he returns to Mexico.  <u>Lopez-Cardona v. Holder</u>, 662 F.3d 1110, 1114 (9th Cir. 2011).  Petitioner did not claim that he was tortured in the past, nor did the BIA err in finding that he failed to establish that he is likely to be tortured in the future by, or with the acquiescence of, the Mexican government.

**Petition DISMISSED in part and DENIED in part.**