**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANA DE JESUS ECHEVERRIA-PEREZ, | No.   17-70155 |
| Petitioner, | Agency No. A206-136-769 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2019**
San Francisco, California

Before:  SILER,*** BYBEE, and R. NELSON, Circuit Judges.

Ana de Jesus Echeverria-Perez ("Echeverria") petitions for review of an order

of the Board of Immigration Appeals ("BIA").  We have jurisdiction pursuant to

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

***       The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

8 U.S.C. § 1252. We deny the petition for review because Echeverria has not demonstrated that a constitutional violation occurred.

Echeverria contends that Customs and Border Protection ("CBP") agents committed an egregious Fourth Amendment violation when they arrested her without first establishing her identity or alienage. She also argues that her Fifth Amendment rights were violated during initial removal and asylum processing proceedings. Lastly, she claims that the government failed to meet its burden to prove alienage because certain forms were improperly admitted in removal proceedings.

"Where, as here, the BIA adopts the IJ's decision while adding some of its own reasoning, we review both decisions." *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011). We review constitutional claims and questions of law de novo and review factual findings under the deferential substantial evidence standard of review. *Id.*

Initially, Echeverria has failed to demonstrate that her Fourth Amendment rights were violated. *See Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1016 (9th Cir. 2008) (holding that we must determine whether agents violated a petitioner's Fourth Amendment rights before considering whether the violation was egregious). The fact that agents detained and arrested Echeverria without first establishing her

identity and alienage is of no moment. All the agents needed to make an arrest was "reason to believe" that Echeverria was an alien illegally in the United States. 8 C.F.R. § 287.8(c)(2)(i); *see* 8 U.S.C. § 1357(a)(2).

Moreover, Echeverria has failed to provide any proof to challenge the CBP agents' determination that she entered the United States illegally. No doubt, the description of the initial encounter between CBP agents and Echeverria contained on Form I-213 is brief. While "officers cannot be expected to compile elaborate, contemporaneous, written reports detailing the circumstances of every arrest," *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1049 (1984), they must provide something more than nothing when describing encounters that lead to arrests of suspected aliens. Still, Echeverria does not challenge the agents' determination—reflected on Form I-213—that she "had unlawfully entered the United States from Mexico." And Echeverria's remaining arguments focus on the agents' conduct *after* her detention and arrest. As a result, Echeverria has failed to demonstrate that a Fourth Amendment violation occurred during her initial detention and arrest.

Additionally, we do not consider whether a violation of 8 C.F.R. § 287.8(b)(2) occurred because Echeverria did not clearly and distinctly raise that argument. *See McKay v. Ingleson*, 558 F.3d 888, 891 n.5 (9th Cir. 2009). In her opening brief, Echeverria cites § 287.8(b)(2) once but focuses primarily on the agents' failure to

comply with the instructions on Form I-213, not on a violation of § 287.8(b)(2). Furthermore, Echeverria cites *Sanchez v. Sessions*, 904 F.3d 643 (9th Cir. 2018)—which was decided after her opening brief was filed—in her reply brief. Yet, she only cites *Sessions* for the proposition that Fourth Amendment protections apply at the border—not for *Sessions*'s principal holding that a regulatory violation may justify termination of removal proceedings. As a result, we do not consider whether a regulatory violation occurred here.

Next, Echeverria contends that the agents violated her Fifth Amendment right to due process during expedited removal processing and later during asylum processing. But Echeverria's alleged violations are either unsupported or contradicted by the record. For instance, there is no evidence of threats, physical abuse, denial of sustenance, or harsh conditions of confinement that support a finding that her statements were involuntary or induced by coercion. Furthermore, she claims that the agents and the asylum officer told her she would be deported. But the record indicates that authorities simply read Echeverria boilerplate warnings on Forms I-867A and I-870 before questioning. Additionally, her refusal to sign or initial Form I-867A does not indicate her statement was involuntary. Moreover, the lack of an expedited removal order is explained by Echeverria's fear of harm or persecution, which was not expressed until three weeks after initial expedited

removal proceedings commenced. Lastly, her claim that she was neither provided a copy of Form M-444 nor advised of free legal services before her credible fear interview is contradicted by her signature on the Spanish version of Form M-444 and her statements during the credible fear interview. In sum, Echeverria has failed to demonstrate that her Fifth Amendment rights were violated during proceedings below.

Having found that no constitutional violations occurred, we need not consider BIA's alternative holding that, even if a Fourth Amendment violation occurred, Echeverria's admissions of alienage were obtained from independent sources.

Finally, Echeverria has failed to demonstrate that her sworn declarations—which she contends are presumptively credible—challenge the accuracy of the information contained in Forms I-213, I-867A, and I-870. First, we do not consider the reliability of the information on Forms I-867A and I-870 because the reliability of these forms was not challenged in the administrative proceedings. Second, while it appears that Echeverria did argue that the information contained on Form I-213 was contradicted by her declarations, that argument is unpersuasive. Echeverria has not met her burden of proving that the information contained on Form I-213 is unreliable. Most of her contentions rehash previously raised arguments that are unsupported or contradicted by the record.

PETITION FOR REVIEW DENIED.