**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALINA ADAMIAN, | No. 20-71798 |
| Petitioner, | |
| v. | BIA No. A024-191-567 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the Board of Immigration Appeals

Submitted February 22, 2023 **
Portland, Oregon

Before: EBEL,*** W. FLETCHER, and CLIFTON, Circuit Judges.

Alina Adamian petitions for review the Board of Immigration Appeals'

("BIA") decision declining to reopen her removal proceedings. We review the

---

*This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

***The Honorable David M. Ebel, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

BIA's decision for an abuse of discretion, <u>Tadevosyan v. Holder</u>, 743 F.3d 1250, 1252–53 (9th Cir. 2014), and any legal or constitutional question de novo, <u>Lopez-Cardona v. Holder</u>, 662 F.3d 1110, 1111 (9th Cir. 2011).[1]  Having jurisdiction under 8 U.S.C. § 1252(a), we deny the petition for review.

Ordinarily, an immigrant must file a motion to reopen within ninety days of the date of entry of a final administrative order of removal.  8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. §§ 1003.2(c)(2), 1003.23(b)(1).[2]  Adamian, instead, filed her motion to reopen almost ten years after her final removal order.  We reject the three ways that she asserts she can avoid the ninety-day deadline.

First, Adamian seeks to reopen based on <u>Linares-Gonzalez v. Lynch</u>, 823 F.3d 508, 510–11, 519 (9th Cir. 2016), which invalidated the sole basis for her removal.  But the BIA here did not abuse its discretion in denying Adamian's motion to reopen after determining that Adamian failed to act with due diligence by waiting more than three years after <u>Linares-Gonzalez</u> was decided before

---

[1] Where, as here, the BIA adopted the Immigration Judge ("IJ")'s decision and also added its own reasoning, we review both the BIA's and the IJ's decisions. <u>Lopez-Cardona</u>, 662 F.3d at 1111.

[2] Adamian cites no authority to support her suggestion that 8 C.F.R. § 1003.23(b)(3) authorizes an IJ to reopen removal proceedings <u>at any time</u> based on "circumstances that have arisen subsequent to the [removal] hearing." Accordingly, we decline to adopt this suggestion in this case.

seeking to reopen her removal proceedings.  See Lona v. Barr, 958 F.3d 1225, 1230–32 (9th Cir. 2020).[3]

Second, we decline Adamian's request to remand her case to the BIA so she can seek retroactive application of a regulation that was promulgated after the BIA denied her motion to reopen, 8 C.F.R. § 1003.23(b)(4)(v) (effective January 2021).[4]  Remand at this time would currently be futile and thus her request is unripe because enforcement of that new regulation has been preliminarily enjoined nationwide.  See, e.g., Centro Legal de la Raza v. Exec. Off. for Immigr. Rev., 524 F. Supp. 3d 919, 928, 980 (N.D. Cal. 2021).  Should the injunction be dissolved or should the Government promulgate a different regulation in the future, Adamian could potentially seek relief from the BIA at that time.

Third, although at the time Adamian filed her motion to reopen in 2019, the BIA could, "at any time," sua sponte reopen a removal case, 8 C.F.R. § 1003.2(a) (2019), the BIA declined to do so in Adamian's case.[5]  "We generally lack

---

[3] Adamian cites no authority to support her assertion that she could not file her motion to reopen immediately after Linares-Gonzalez, but instead had to wait until she could negate any other possible grounds on which the Department of Homeland Security might still seek to remove her.

[4] See Appellate Procedures & Decisional Finality in Immigration Proceedings; Administrative Closure, 85 Fed. Reg. 81588-1, 81588, 81591 (Dec. 16, 2020).

[5] Section 1003.2(a) was amended, effective January 21, 2021, see 85 Fed. Reg. at 81588, 81591, but the parties agree that the prior version of this regulation applies here.

jurisdiction to review decisions denying sua sponte reopening." Perez-Camacho v. Garland, 54 F.4th 597, 606 (9th Cir. 2022). In light of that, we decline to consider Adamian's argument that the BIA's decision in her case was inconsistent with its prior decisions sua sponte reopening removal cases under similar circumstances. See Lona, 958 F.3d at 1236-37.

We do have jurisdiction to consider Adamian's two constitutional arguments that the BIA, in declining to reopen her case sua sponte, deprived Adamian of due process. See Perez-Camacho, 54 F.4th at 606. Neither of her due process arguments is persuasive, however. First, the BIA adequately explained why it declined to reopen Adamian's case sua sponte—because "the interest of finality in immigration proceedings takes precedence under these circumstances" (A.R. 5).[6] See Su Hwa She v. Holder, 629 F.3d 958, 963 (9th Cir. 2010), superseded by statute on other grounds as stated in Ming Dai v. Session, 884 F.3d 858, 867 n.8 (9th Cir. 2018), vacated on other grounds by Garland v. Ming Dai, 141 S. Ct. 1669, 1674 (2021). Second, Adamian fails to cite any support for her assertion that due process required the BIA to give her notice of what criteria it considers when exercising its discretion to reopen sua sponte.

_____

[6] Because we conclude the BIA provided Adamian with an adequate explanation for not reopening her removal proceedings sua sponte, we need not address the Government's argument that, because sua sponte reopening is left to the BIA's discretion, due process does not require any explanation.

4

**PETITION DENIED.**