**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE MANUEL MENJIVAR-RODAS, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.  16-73705 <br><br> Agency No. A206-630-904 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2019**
San Francisco, California

Before:  SILER,*** BYBEE, and R. NELSON, Circuit Judges.

Jose Menjivar-Rodas petitions for review of a Board of Immigration

Appeals ("BIA") decision upholding the Immigration Judge's denial of his motion

to suppress evidence in his removal proceedings. We deny the petition.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

We have jurisdiction under 8 U.S.C. § 1252. "Where, as here, the BIA adopts the [Immigration Judge's] decision while adding some of its own reasoning, we review both decisions." *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011). "We review constitutional claims and questions of law *de novo* and review factual findings under the deferential substantial evidence standard . . . ." *Id.*

Menjivar-Rodas argues that evidence used to establish his alienage during removal proceedings should have been suppressed because it was obtained in violation of the Fourth Amendment and Fifth Amendment of the United States Constitution and in violation of Department of Homeland Security ("DHS") regulations. Each of these arguments fails.

First, Menjivar-Rodas failed to demonstrate that a Fourth Amendment violation occurred. Generally, the Fourth Amendment exclusionary rule does not apply in immigration proceedings. *See INS v. Lopez-Mendoza*, 468 U.S. 1032, 1050–51 (1984); *Sanchez v. Sessions*, 904 F.3d 643, 649 (9th Cir. 2018). There are, however, two exceptions to this rule: (1) "when the agency egregiously violates a petitioner's Fourth Amendment rights" and (2) "when the agency violates a regulation promulgated for the benefit of petitioners and that violation prejudices the petitioner's protected interests." *Sanchez*, 904 F.3d at 649.

Here, Menjivar-Rodas failed to establish an egregious Fourth Amendment

violation. He does not allege that the Customs and Border Patrol agents had an improper or arbitrary motive for stopping or detaining him. He only claims that he does not know why he was stopped and that agents did not ask him about his citizenship prior to his arrest. Without further information regarding the stop or the circumstances surrounding his arrest, Menjivar-Rodas is unable to establish an egregious Fourth Amendment violation.

Additionally, we will not consider whether a violation of 8 C.F.R. § 287.8(b)(2) occurred because Menjivar-Rodas did not clearly and distinctly raise this argument. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994). He mentions in one sentence of his opening brief that his arrest was unlawful because he was arrested for no articulated reason in violation of 8 C.F.R. § 287.8(b)(2). However, he does not develop this argument, present substantive reasoning, or cite any authority in support of the argument. Accordingly, the argument is waived.

Second, Menjivar-Rodas failed to establish a Fifth Amendment violation. Although the conditions at the detention facility may be troubling, they do not rise to the level of a coercive, constitutionally impermissible environment. *See Gonzaga-Ortega v. Holder*, 736 F.3d 795, 800, 804 (9th Cir. 2013). Menjivar-Rodas argues that he believed he would be detained for a longer period if he did not answer the agents' questions. However, he does not indicate that there was coercion by the agents. Accordingly, the record does not establish that he was

3                                                                                    16-73705

"cajoled into giving the officer[] a statement against his will" in violation of the Fifth Amendment. *Id.* at 804.

Lastly, Menjivar-Rodas did not establish a regulatory violation. He argues that he was not provided a reasonable notification or opportunity to consult with a lawyer prior to his credible fear interview in violation of DHS regulations. DHS regulations require the agency to provide an individual with written information about the credible fear process, but the regulations do not indicate how far in advance of the interview the information must be provided. *See* 8 C.F.R. § 235.3(b)(4)(i). The agency must also give the individual "time to contact and consult with any person or persons of his or her choosing." *Id.* § 235.3(b)(4)(ii). Here, Menjivar-Rodas does not dispute that he was given the Form M-444 Information About Credible Fear Interview on the day of his interview. That Form stated that he should inform a DHS officer if he needed additional time to contact someone for the interview. Menjivar-Rodas did not request additional time and agreed to the interview. Because he was given the information required by the regulations, this argument fails.

In sum, the BIA did not err in rejecting each of Menjivar-Rodas's arguments.

Petition for review is **DENIED**.