**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HYEJEONG CHA,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>　　　　　　Respondent. | No.　14-73438<br><br>Agency No. A087-885-444<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 6, 2020[**]
San Francisco, California

Before:  THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Hyejeong Cha, a citizen of South Korea, petitions for review of the Board of

Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ")

denial of her application for asylum, withholding of removal, and protection under

---

　　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture ("CAT"). We have jurisdiction under 28 U.S.C. § 1252, and we deny the petition for review.

Because the parties are familiar with the facts of this case, we need not recount them here. When the BIA essentially adopts the IJ's decision while adding its own reasoning, we review both decisions. *See Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011). We review adverse credibility determinations for substantial evidence. *See Bassene v. Holder*, 737 F.3d 530, 536 (9th Cir. 2013). Under the REAL ID Act, any inconsistency, inaccuracy, or falsehood is relevant to the credibility determination. 8 U.S.C. § 1158(b)(1)(B)(iii).

The agency's adverse credibility determinations were supported by substantial evidence. Cha omitted facts from her application and declaration to which she later testified. For example, she testified that she received numerous phone call threats during her time in South Korea, and she testified that she did not want to return to South Korea because she feared her ex-boyfriend who had also threatened her. However, her application and declaration did not include this information. When confronted with the omission regarding the threats made by her ex-boyfriend at her hearing before the IJ, she was unresponsive. These events were more than mere details; they went to the very core of Cha's claim and, as the BIA held, "materially altered [her] entire story in a way that cast doubt on [her]

2

credibility." *Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). In short, the agency's adverse credibility determinations were "[s]upported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992).

Thus, we deny the petition for review of her claims for asylum and withholding of removal. *See* 8 C.F.R. § 1208.13(b)(2); *see also Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (reasoning a failure to satisfy the lower standard of proof required to establish eligibility for asylum necessarily results in a failure to demonstrate eligibility for withholding of removal).

Likewise, Cha has not presented sufficient evidence demonstrating that "it is more likely than not that . . . she would be tortured if removed" to South Korea. 8 C.F.R. § 208.16(c)(2). Cha has alleged only that she will be tortured if she is captured and returned to North Korea; she has not shown that this scenario is more likely to occur than not if she is removed to South Korea. Thus, her claim is too speculative to support CAT protection. *See Zheng v. Holder*, 644 F.3d 829, 835–36 (9th Cir. 2011) (denying CAT protection where likelihood of torture remained speculative).

**PETITION DENIED.**

3