**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| ELOY MENDOZA-GONZALEZ, | No. 19-72677 |
| Petitioner, | Agency No. A098-297-280 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2021**
San Francisco, California

Before: CHRISTEN and BADE, Circuit Judges, and FEINERMAN,*** District
Judge.

Eloy Mendoza-Gonzalez, a citizen of Mexico who identifies as indigenous,

petitions for review of a Board of Immigration Appeals (BIA) decision that adopted

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Gary Feinerman, United States District Judge for the Northern District of Illinois, sitting by designation.

and affirmed an Immigration Judge (IJ) order denying his application for withholding of removal under the Immigration and Nationality Act (INA) and that dismissed his appeal. "We review constitutional claims and questions of law *de novo* and review factual findings under the deferential substantial evidence standard, treating them as conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011) (internal quotation marks omitted). Because the BIA adopted the IJ's reasoning and conclusions, we review "both decisions and treat the IJ's reasons as those of the BIA." *Gutierrez v. Holder*, 662 F.3d 1083, 1086 (9th Cir. 2011). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. Substantial evidence supports the IJ's and BIA's conclusions that the government met its burden to show, by a preponderance of the evidence, a "fundamental change in circumstances" rebutting the presumption that Mendoza-Gonzalez will face future persecution in Mexico on account of his indigenous status. *See* 8 C.F.R. § 1208.16(b)(1)(i)(A).

*First*, at the time the IJ ruled on Mendoza-Gonzalez's withholding application, fifteen years had elapsed since police officers had beaten him in Oaxaca, Mexico, where he is from, and there is no evidence in the record to suggest that those officers have any continuing interest in him. *See Belayneh v. INS*, 213 F.3d 488,

491 (9th Cir. 2000) (upholding the denial of the petitioner's withholding application, and relying on the passage of twenty-five years since she had been persecuted); *Prasad v. INS*, 47 F.3d 336, 339 (9th Cir. 1995) (upholding the denial of the petitioner's withholding application, and stressing that there was no evidence that his persecutors had any continuing interest in him).

*Second*, Mendoza-Gonzalez returned to Oaxaca within a year of the beating and remained there with his indigenous wife for several months, suffering no harm. *See Boer-Sedano v. Gonzales*, 418 F.3d 1082, 1091 (9th Cir. 2005) (noting that return trips to the petitioner's country of origin can support a finding that the presumption of a well-founded fear of persecution has been rebutted).

*Third*, the country conditions evidence in the record—including a 2018 report on indigenous human rights in Mexico—does not compel the conclusion that Mendoza-Gonzalez will more likely than not suffer future persecution on account of his indigenous status. As the IJ observed, the report focuses on violence against indigenous journalists and activists, and Mendoza-Gonzalez is neither. Moreover, the IJ properly gave weight to the report's finding that the Mexican government has taken steps to protect indigenous persons, while acknowledging the report's assertion that such persons continue to face discrimination and violence. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 1000 (9th Cir. 2003) ("[W]here the

3

BIA rationally construes an ambiguous or somewhat contradictory country report and provides an individualized analysis of how changed conditions will affect the specific petitioner's situation, substantial evidence will support the agency determination.") (internal quotation marks and citation omitted).

2. The BIA correctly determined that the IJ's exclusion of testimony from Mendoza-Gonzalez's psychological expert did not deny him due process. "To prevail on a due process challenge," an applicant for withholding of removal "must show error and substantial prejudice." *Grigoryan v. Barr*, 959 F.3d 1233, 1240 (9th Cir. 2020) (quoting *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000)). Mendoza-Gonzalez has demonstrated neither. Excluding the expert's testimony was not an error because the IJ fully credited the expert's written report. And Mendoza-Gonzalez did not suffer any prejudice because there is no evidence in the record to suggest that the testimony—which pertained only to the genuineness of Mendoza-Gonzalez's fear of returning to Mexico, which the IJ had credited— could have affected the outcome of his case.

**PETITION DENIED.**

4