**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 13 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GUOFANG ZHANG,

                Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

                Respondent.

No. 15-73651

Agency No. A089-897-553

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2021[**]
Pasadena, California

Before: BERZON and RAWLINSON, Circuit Judges, and DORSEY,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Jennifer A. Dorsey, United States District Judge for the District of Nevada, sitting by designation.

Petitioner Guofang Zhang (Zhang) seeks review of the denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

"We review for substantial evidence factual findings underlying the denial of a withholding or CAT claim. . . ." *Flores-Vega v. Barr*, 932 F.3d 878, 886 (9th Cir. 2019) (citation omitted). Under substantial evidence review, "[t]o reverse, we must find that the evidence not only supports that conclusion, but compels it." *Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011) (citation, alternations, and emphases omitted).

When the Board of Immigration Appeals (BIA) conducts its own review of the evidence and law rather than adopting the decision of the Immigration Judge (IJ), our review "is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006). However, if the BIA adopts the IJ's decision while adding some of its own reasoning, we will review both decisions. *See Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011).

Substantial evidence supports the BIA's adverse credibility determination based on inconsistencies in the record and insufficient corroborating evidence. The pertinent parts of Zhang's application asserting past persecution and fear of future persecution

involve an alleged beating while in police custody. Yet, when Zhang's counsel specifically asked him at his hearing before an immigration judge what took place during the particular time mentioned in his sworn statement, Zhang omitted being pushed to the floor and beat in the back with a baton. Zhang's wife would have been familiar with his alleged persecution in China, but she did not attend the hearing to testify on his behalf. Moreover, when asked why she did not attend, Zhang's answers varied from it not occurring to him to ask her to testify, to he informed her but she refused, to he informed her and she responded by saying she would attend if his petition was granted, but not otherwise. Because of the important nature of this alleged incident of persecution and its bearing on his application, the inconsistencies, omissions, and lack of corroboration constitute substantial evidence supporting the denial of asylum and withholding of removal. *See Kin v. Holder*, 595 F.3d 1050, 1056-57 (9th Cir. 2010).

Zhang's CAT claim rests on the same testimony that the agency found not credible. Therefore, absent some other evidence of a clear probability of future torture, substantial evidence supports the denial of CAT relief. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003). There is no such evidence. The Country Reports in the record do not establish that Zhang will be targeted for future torture.

We therefore deny the petition as to CAT relief. *See Lanza v. Ashcroft*, 389 F.3d 917, 936 (9th Cir. 2004).

**PETITION DENIED**.