**NOT FOR PUBLICATION**

FILED

FEB 1 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS FELIPE MENDOZA HERNANDEZ; MARIA A. SALAS ESPINOZA; RAUL D. SANOVAL SALAS; JOSE R. MENDOZA SALAS., | No. 20-73042 |
| Petitioners, | Agency Nos. A208-930-199<br>A208-930-165<br>A208-930-166<br>A208-930-167 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2021[**]
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:  W. FLETCHER and RAWLINSON, Circuit Judges, and LIBURDI,*** District Judge.

Luis Felipe Mendoza Hernandez (Mendoza), his wife, Maria Salas Espinoza (Salas), and their two minor children (collectively, the petitioners), petition for review of the denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

"We review for substantial evidence factual findings underlying the denial of a withholding or CAT claim. . . ." *Flores-Vega v. Barr*, 932 F.3d 878, 886 (9th Cir. 2019) (citation omitted).  Under substantial evidence review, "[t]o reverse [the Board of Immigration Appeals' (BIA's) factual finding], we must find that the evidence not only *supports* that conclusion, but *compels* it."  *Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011) (citation omitted) (emphases in the original).

When the BIA conducts its own review of the evidence and law rather than adopting the Immigration Judge's (IJ's) decision, our review "is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006), *as amended* (citation omitted).  However, if "the BIA adopts the IJ's decision while adding some of its

---

***    The Honorable Michael T. Liburdi, United States District Judge for the District of Arizona, sitting by designation.

own reasoning, we review both decisions." *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011).

The Immigration Judge denied asylum and withholding of removal because the petitioners did not establish the requisite nexus to a protected ground. The IJ denied CAT protection because the petitioners did not demonstrate a likelihood of torture with the acquiescence of a public official. The BIA adopted and affirmed the IJ's decision.

Substantial evidence supports the agency's determination that the petitioners had only a subjective fear of generalized violence in Mexico and failed to establish a nexus between a protected ground and any past or future persecution in Mexico.

Mendoza testified that his father was killed outside his home in 2016, but he does not know by whom or why, and other family members were only threatened in a vague manner and were never harmed.

Salas and Mendoza also testified that they were afraid to return to Mexico because of "criminal acts in Mexico," "a lot of delinquency," and "death all over the place." However, we have explained that a non-citizen's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016, *as amended* (9th Cir. 2010) (citations omitted).

3

When asked if they could relocate within Mexico, Salas acknowledged that she could live with her brothers in Michoacan. But Mendoza declared that while his uncle and brother live together in Michoacan, it would not be safe to live with them because the assailants who attacked his father might "take vengeance against them." This expressed fear of future harm was not objectively reasonable because Mendoza also testified that his brother has never had any problems while living in Mexico. *See Lim v. I.N.S.*, 224 F.3d 929, 938 (9th Cir. 2000) (concluding that there was no reasonable fear of future persecution when family members remain in the country "unharmed"). Therefore, substantial evidence supports the agency's determination that these responses failed to satisfy petitioners' burden to establish that "it would be either unsafe or unreasonable for [them] to relocate." *Kaiser v. Ashcroft*, 390 F.3d 653, 659 (9th Cir. 2004)[1].

Because of the petitioners' inability to demonstrate an individualized risk of persecution, an objectively reasonable fear of future persecution, or a sufficient nexus between their feared harm and a protected ground, the agency's denial of asylum and withholding of removal is supported by substantial evidence. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014), *as amended*; *see*

---

[1] The petitioners' argument that the agency impermissibly placed the burden of proof on them is unpersuasive. *See Kaiser*, 390 F.3d at 659.

4

*also Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (holding that failure to qualify for asylum "necessarily results in a failure to demonstrate eligibility for withholding of [removal]") (citation omitted).

Petitioners also challenge the Immigration Judge's denial of CAT relief based on the finding that the petitioners did not establish that it is "more likely than not" that they will be tortured if returned to Mexico. Nevertheless, the record does not compel a finding that petitioners are more likely than not to be tortured by, or with the acquiescence of, government officials. *See Garcia-Milian*, 755 F.3d at 1033-35.

**PETITION DENIED**.