NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 9 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GENESIS NDEH CHI, | No. 20-73663 |
| Petitioner, | Agency No. A213-187-432 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 7, 2022[**]
Portland, Oregon

Before: GRABER and VANDYKE, Circuit Judges, and REISS,[***] District Judge.

Petitioner Genesis Ndeh Chi, a native and citizen of Cameroon, petitions for

review of the decision by the Board of Immigration Appeals ("BIA") affirming the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Christina Reiss, United States District Judge for the District of Vermont, sitting by designation.

immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

"Where, as here, the BIA adopts the IJ's decision while adding some of its own reasoning, we review both decisions." *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011). We review legal questions de novo and the BIA's factual findings for substantial evidence. *See Aden v. Wilkinson*, 989 F.3d 1073, 1079 (9th Cir. 2021).

1. With regard to asylum and withholding of removal, substantial evidence supports the BIA's determination that Petitioner did not establish that he faced past persecution or had a well-founded fear of future persecution on account of his membership in a particular political group. Petitioner testified he believed that police officers sought to question and persecute him because he had attended two political protests and because secessionists frequented his beer parlor. He concedes, however, that he was able to live in other parts of Cameroon without incident and that he was not arrested, detained, or physically harmed. The BIA evaluated Petitioner's testimony regarding his limited personal interactions with police officers, harm to his sister about which he heard from a third party, and the burning of his beer parlor by an unknown arsonist after he left Cameroon "cumulatively" and permissibly found it insufficient. *See Sharma v. Garland*, 9

2

F.4th 1052, 1063 (9th Cir. 2021) (listing factors such as "physical violence and resulting serious injuries, frequency of harm, specific threats combined with confrontation, length and quality of detention, harm to family and close friends, economic deprivation, and general societal turmoil"). Although the BIA concluded that Petitioner testified credibly to his subjective fears of persecution, "the harm about which he testified does not rise to the level of persecution[,]" and "he has not shown a nexus between such harm and a protected characteristic." Petitioner fails to establish that the evidence compels a different conclusion. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014) ("In order to reverse the BIA, we must determine 'that the evidence not only *supports* [a contrary] conclusion, but *compels* it[.]'" (emphasis and first alteration in original) (citation omitted)).

With regard to withholding of removal, substantial evidence supports the BIA's finding that Petitioner failed to establish that it was more likely than not that he would be persecuted on account of a protected ground if he returned to Cameroon. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (holding that petitioners who apply for withholding of removal must establish that a statutorily protected ground was "a reason" for their persecution).

2. Finally, substantial evidence supports the BIA's findings that Petitioner's fear of torture if he returned to Cameroon is generalized and speculative and does not demonstrate that it was more likely than not that he would be tortured by or

with the consent or acquiescence of the government. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (finding the possibility of torture too speculative). As the BIA pointed out, Petitioner's friend, eight-year-old son, and the mother of his son continue to live in Cameroon, apparently without incident. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 743 (9th Cir. 2008) ("[W]hen similarly situated members of the petitioner's family live without incident in the danger zone, such family evidence and the inferences drawn from it does substantially support the agency decision[.]") (internal quotation marks, modifications, and citation omitted), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc).

The BIA thus permissibly denied Petitioner's CAT claim.

**PETITION FOR REVIEW DENIED.**