**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EFRAIN GUTIERREZ-GUTIERREZ,

          Petitioner,

   v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

No.   19-71206

Agency No. A215-552-920

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 14, 2022[**]
Pasadena, California

Before: RAWLINSON and WATFORD, Circuit Judges, and RAKOFF,[***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

Efrain Gutierrez-Gutierrez (Petitioner), a citizen of Honduras, petitions for review of the denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252.[1]

"We review *de novo* the Board of Immigration Appeals' (BIA) determination on questions of law and mixed questions of law and fact," but "[w]e review for substantial evidence the BIA's factual findings." *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020) (citations omitted).

When the BIA conducts its own review of the evidence and the law, we limit our review to the BIA decision. *See Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006), *as amended*. However, if the BIA adopts the Immigration Judge's decision while adding some of its own reasoning, we review both decisions. *See Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011).

**1.** The primary basis for Petitioner's application for asylum and withholding of removal is that his uncle approached him in March of 2018 with a machete and threatened to kill him. When the Immigration Judge (IJ) asked Petitioner why his uncle threatened him, Petitioner responded that, "it all had to do with . . . our

---

[1] Due to our decision in *Martinez v. Barr*, 941 F.3d 907 (9th Cir. 2019), Respondent declined to renew the claim that the Court lacks jurisdiction over Gutierrez-Gutierrez's prematurely filed petition.

economical situation . . . and also it was, I believe . . . the political system, too." But Petitioner's uncle never mentioned Petitioner's economic status or his politics on the day he threatened Petitioner. Petitioner also described a time in 2017 when his uncle learned that Petitioner had voted for a different party candidate, and told Petitioner that he "should support the national party." However, Petitioner never demonstrated a relationship between his uncle's 2017 comments and the threat in 2018.

When the record does not establish a connection between an event and a protected ground, the IJ is not required to accept the petitioner's hypothesis regarding nexus as fact. *See Ochave v. INS*, 254 F.3d 859, 866 (9th Cir. 2001). In any event, "[t]hreats standing alone . . . constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm." *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (citations omitted). Petitioner testified that he never received another threat from his uncle or anyone else and was never physically harmed or mistreated. Accordingly, substantial evidence supports the BIA's determination that the threat against Gutierrez-Gutierrez did not rise to the level of persecution, and thus he was not eligible for asylum.

**2.** Substantial evidence also supports the BIA's determination that Petitioner failed to establish that the government was unwilling or unable to protect him from persecution. Petitioner testified that he never reported his uncle's threat to the police because of police corruption, but did not carry his burden to provide evidence that would support his contention of corruption. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005).

**3.** Petitioner asserted that the BIA conflated the standard for withholding with the nexus standard for asylum. Admittedly, the standard for withholding of removal is met if the protected ground is *a reason* for the persecution as opposed to *a central reason*, as required for asylum. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017). However, where the agency has found no nexus, as here, failure to apply the "a reason" standard does not require a remand. *See Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019).

**4.** Substantial evidence supports the BIA's determination that petitioner failed to establish a clear probability of torture by or with the acquiescence or willful blindness of a government official. *See Zheng v. Ashcroft*, 332 F.3d 1186, 1194 (9th Cir. 2003) (describing standard for CAT relief). Petitioner stated that his uncle exposed his HIV status to people throughout the town. However, the Country Reports in the record reflect special protections designed to address HIV

and AIDS stigma in the country, and indicate that the government would not acquiesce in Petitioner's torture.  *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1035 (9th Cir. 2014), *as amended*.

**5.**  Petitioner did not explicitly address in his opening brief the issue of whether the IJ violated his right to due process based on his pro se status. Petitioner merely stated that "[f]urther development of the record . . . may have established the government instigation or acquiescence that the IJ deemed lacking."  This statement does not demonstrate substantial prejudice.  *See Hussain v. Garland*, 985 F.3d 634, 642 (9th Cir. 2021) ("To prevail on [a due process claim], a petitioner must . . . demonstrate substantial prejudice.") (citation and internal quotation marks omitted).

**PETITION DENIED**.