NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 21 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

QUELITA IBETH VEGA-PINTO;
J.S.C.V.; V.A.C.V.,

             Petitioners,

  v.

PAMELA BONDI, Attorney General,

             Respondent.

No. 24-7685

Agency Nos.
A220-128-191
A220-128-192
A220-128-193

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2025[**]
Pasadena, California

Before: CLIFTON, BYBEE, and DE ALBA, Circuit Judges.

Petitioner Quelita Ibeth Vega-Pinto ("Vega") is a native and citizen of El

Salvador.[1] She seeks review of the Board of Immigration Appeals' ("BIA") order

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Vega's two minor children seek asylum as derivative beneficiaries, and they separately seek asylum on the same factual bases as she does. For simplicity, we refer exclusively to Vega while deciding as to all three petitioners.

dismissing her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We deny her petition.

We have jurisdiction pursuant to 8 U.S.C. § 1252. When the BIA adopts an IJ's decision "while adding some of its own reasoning," we review both decisions. *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011). We review factual findings as to asylum, withholding of removal, and CAT relief for "substantial evidence" and will "uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014) (citation omitted).

1. Substantial evidence supports the BIA's finding that Vega failed to establish a nexus between the persecution she purportedly suffered and her membership in either of the two particular social groups she names: (1) "the Vega family" and (2) "Salvadoran parents refusing to cede control of their children to gangs."[2] The BIA found that while Vega was a victim of criminal activity, the Mara Salvatrucha (MS) gang member who previously threatened Vega and her family was "motivated by a personal vendetta against [Vega] and her family, rather than on account of her proposed particular social groups." Indeed, if a persecutor is

---

[2] In her appeal to the BIA, Vega proposes two additional particular social groups: "Salvadoran young women" and those who return to El Salvador from the United States and "will be perceived to be wealthy." The BIA observed that these arguments were "not raised before the immigration judge." As a result, they cannot be properly presented on this appeal.

motivated "purely [by] personal retribution," *Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001) (citation omitted), then the asylum applicant's membership in a potentially "cognizable social group," such as a family grouping, cannot on its own constitute persecution on account of a protected ground. *Rios v. Lynch*, 807 F.3d 1123, 1128 (9th Cir. 2015). This "lack of a nexus to a protected ground is dispositive of [Vega's] asylum and withholding of removal claims." *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016).

2. Substantial evidence also supports the BIA's finding that Vega is ineligible for CAT protection. Her past experiences with this gang member, who once pushed her and on various occasions threatened her and other members of her family, do not approach the high threshold of extreme behavior that constitutes torture. For CAT purposes, torture is defined as "an extreme form of cruel and inhuman treatment." 8 C.F.R. §1208.18(a)(2). Activities such as pushing and issuing vague threats simply do not fit this bill. *See, e.g.*, *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019).

The petition is **DENIED**.[3]

---

[3] On the same grounds, Vega's motion to stay removal is also **DENIED**.

24-7685